ADELAIDE DONOVAN, a widow; ADELAIDE DONOVAN, as the surviving member of the Board of Directors and Trustees of Donovan Holding Company, a dissolved Florida corporation; and COCONUT GROVE BOAT WORKS, INC., a Florida corporation, v. ARMOUR & COMPANY, an Illinois corporation.

33 So. (2nd) 601 January Term, 1948
January 20, 1948 Division B

*Hall & Hedrick,* for petitioners.
*Bouvier, Heliwell & Clark,* for respondent.

BARNS, J.:

This matter is before the Court upon a petition for rehearing.

The question for decision upon certiorari is whether or not the chancellor erred in overruling and denying the appellants'-defendants' motion to dismiss appellee's-plaintiff's bill of complaint. Is there any equity in said bill?

On December 5, 1946, appellee-plaintiff filed a creditor's bill against appellants-defendants, alleging that one T. E. DONOVAN, in 1926, transferred his property to two corporations, THE DONOVAN HOLDING COMPANY and THE COCOUNT GROVE BOAT WORKS; that thereafter, in 1928, he became indebted to ARMOUR & COMPANY, a Delaware corporation, said corporation becoming a creditor of said DONOVAN; that said ARMOUR & COMPANY, of Delaware, brought suit against DONOVAN in 1939, and obtained a judgment in Duval County in 1939; that the said judgment was assigned to ARMOUR & COMPANY, an Illinois corporation, and that the said T. E. DONOVAN died in the early part of 1946; that the defendants, ADELAIDE DONOVAN and PAUL C. McGARRY, latter being now deceased, constituted the surviving members of the now dissolved DONOVAN HOLDING COMPANY, which was dissolved allegedly on or about May 11, 1942, at the direction of T. E. DONOVAN, with its assets transferred to the defendant, and to the COCONUT GROVE BOAT WORKS, which is still an existing corporation.

**64**

The fraud alleged in the bill is that the said DONOVAN transferred his property to said corporations without consideration and caused the stock therein to be issued to his wife and other persons; that he held himself out as the active owner and operating head of said corporations, to the knowledge of the said Adelaide, and that she made no effort to assert or indicate any interest in the affairs of said corporations, which are alleged to have been managed by her said husband.

The pertinent facts are that the plaintiff, ARMOUR & COMPANY, of Illinois, was not the creditor at the time when the fraud is alleged to have been committed; that T. E. Donovan died fourteen or more years after the time of the commission of such alleged fraud and, although the acts are alleged to have been fraudulent, same do not appear to be sufficient, especially under the circumstances, to support a plaintiff's bill against a motion to dismiss. When the alleged acts of fraud are considered, together with the fact that it was not the plaintiff who was defrauded, and the further fact that T. E. Donovan has died and that more than fourteen years have elapsed between the time of the alleged fraud and the filing of the bill, we fail to find "any equity in the bill."

It is our conclusion that the bill affirmatively shows laches and fails to charge any actionable fraud of which the plaintiff could complain.

To characterize an act as done with a fraudulent intent is sufficient as an allegation of the "intent," but the facts plead as fraudulent must be sufficient, if true, to constitute a fraud. Merely to characterize acts as fraudulent is futile, unless such are sufficient to constitute fraud in fact under the circumstances. The allegations of the bill are insufficient in this respect.

It is ordered that certiorari be granted; that the order denying the motion to dismiss stand quashed; that the original opinion stand withdrawn and that rehearing be denied.

THOMAS, C.J., BUFORD and ADAMS, JJ., concur.