129 So.2d 450 (1961)
C.F. CURTIS and Gerald Sondgerath, Appellants,
v.
Nat R. BRISCOE, George L. Fulton, W.H. Carmine, Jr., and Curtis Pools, Inc., a Florida corporation, Appellees.
No. 2040.
District Court of Appeal of Florida. Second District.
May 3, 1961.
*451 McMullen & Everett, Clearwater, and Sheppard & Roberts, Fort Myers, for appellants.
Stewart & Stewart, Fort Myers, for appellees.
KANNER, Judge.
Appellants, plaintiffs in the court below, bring their interlocutory appeal from an order dismissing their amended complaint upon motion of the appellees, defendants.
The suit is in equity seeking cancellation or rescission of certain stock certificates which had been issued by Curtis Pools, Inc., defendant corporation, to the other defendants.
Basically, the allegations of the complaint attack the issuance of the stock as a violation of plaintiffs' pre-emptive rights under the statutory provisions of section 608.42(2), Florida Statutes, F.S.A. The pertinent provision is:
"Unless otherwise provided by the certificate of incorporation, every stockholder, upon the sale for cash of any new stock of the same kind, class or series as that which he already holds, shall have the right to purchase his pro rata share thereof (as nearly as may be done without issuance of fractional shares) at the price at which it is offered to others, which price, in the case of par value shares, may be in excess of par."
It is seen by the language of the section that it concerns the sale of stock "for cash", while the allegations of the complaint clearly reveal that the stock was issued in consideration of certain specified services to be performed and things to be done, and is a different type of transaction from that contemplated by the quoted statute.
In connection with the issuance of stock, there are the general allegations that there was a breach of fiduciary relationship by the directors and officers of the corporation to the stockholders, that there was either no consideration or inadequate consideration for the issuance, and that thereby defendants had perpetrated a fraud upon plaintiffs.
The question involves a matter of pleading. It is implicit in the chancellor's order that the reason he granted the motion to dismiss was inadequacy of the allegations to state a cause entitling the plaintiffs to the relief sought.
Where the exercise of the power of a court of equity is invoked to cancel or rescind an instrument, a complaint for such purpose, in conformity with the general rules of pleading, should be clear and explicit in its allegations of facts showing the requisite equitable grounds for the relief sought. While the pleader is not required to plead his evidence, he should adequately allege ultimate facts and not mere legal conclusions to support a general ground upon which he relies for relief. Where fraud is relied upon as ground for cancellation or rescission in equity, it should be averred; and the circumstances constituting such charge should be stated with such particularity as the circumstances may permit in order for the court to be able to determine whether, foundationally, upon the facts pleaded, there is at least prima facie the charge of fraud. See 5 Fla.Jur., Cancellation, Reformation, and Rescission of Instruments, sections 48, 49, p. 249; 10 Fla. Law and Practice, Fraud and Deceit, section 12, p. 282; and Rule 1.9(b), Florida Rules of Civil Procedure, 30 F.S.A. We must conclude, as did the chancellor, that the allegations of the amended complaint are inadequate as a basis for cancellation or rescission of the stock issued.
*452 We observe that the chancellor allowed the plaintiffs twenty days in which to file a further amended complaint. This right still should be permitted to the plaintiffs under direction of the chancellor if they desire to exercise it.
Affirmed.
ALLEN, C.J., and SHANNON, J., concur.