155 So.2d 711 (1963)
OCALA LOAN COMPANY, a Florida corporation, Appellant,
v.
W. Robert SMITH and Anne L. Cooper, individually and as Administratrix of the Estate of Samuel L. Cooper, Deceased, Appellees.
No. D-486.
District Court of Appeal of Florida. First District.
August 1, 1963.
Rehearing Denied September 3, 1963.
*712 Owen McGovern, Jr., and E.R. Mills, Jr., Ocala, for appellant.
Chappell, Dunn & Miller, Savage & Krim, and Harry C. Dozier, Jr., Ocala, for appellees.
STURGIS, Chief Judge.
The appellant, Ocala Loan Company, a corporation, sued W. Robert Smith and Anne L. Cooper, individually, and Anne L. Cooper ex rel. administratrix of the estate of Samuel L. Cooper, deceased, in an action at law charging that the defendants, as officers and director of the plaintiff corporation, committed certain unlawful acts in furtherance of a conspiracy to cheat and defraud the plaintiff, and also charging them with gross negligence, said to result in damages for which recovery is sought. The trial court dismissed with prejudice appellant's third amended complaint, hence this appeal. We affirm the order appealed.
Subsequent to the order appealed appellee W. Robert Smith was dismissed pursuant to stipulation. So the remaining appellee is Anne L. Cooper, individually, and in her relation as administratrix of the estate of Samuel L. Cooper, her deceased husband.
The sole issue to be determined is whether or not the third amended complaint states a cause of action against said remaining defendant. The original and three amended complaints were filed on behalf of plaintiff by the law firms of Musleh & Musleh and Greene, Ayres & Greene who, subsequent to the order appealed, were permitted to withdraw as attorneys of record for plaintiff, whereupon counsel for appellant on this appeal were substituted in their stead.
Following the nomenclature of the first count of the subject complaint, it charges in substance:
(1) That from 1953 to September 20, 1961, W. Robert Smith, Samuel L. Cooper, and Anne L. Cooper were directors and officers of the plaintiff corporation; that during that period the corporation issued and sold upward of $200,000.00 of "subordinate debentures" to various purchasers and borrowed $175,000.00 from a named bank, and that its promissory note evidencing the loan was secured by a chattel mortgage upon sundry of its accounts receivable.
(2) That during said period all of plaintiff's corporate stock was owned by defendants W. Robert Smith, Anne L. Cooper, and the decedent, Samuel L. Cooper, who as directors and officers of the corporation, exercised complete dominion and control over its property, policies and business affairs; that said persons entered into a *713 "design and conspiracy" to secure for themselves "large profits and sums of money at the Company's [plaintiff's] expense and to its damage," resulting in the loss to plaintiff "of large sums of money, the exact amounts of which are unknown, but the minimum amount of which could not be less than the difference between the monies loaned to the corporation and the present value of its assets, a difference of approximately $230,000.00, which the Plaintiff alleges has been embezzled and otherwise improperly dissipated and distributed by said conspiracy."
(3) That pursuant to said conspiracy to defraud plaintiff the following acts were committed:
(a) During the above stated period Sam L. Cooper, the decedent, and defendant Anne L. Cooper (his widow) deposited in bank to their joint personal checking account $247,000.00, of which at least ninety per cent was taken or received from the plaintiff corporation; and that during said period the decedent, Sam L. Cooper, "was not entitled to receive salaries, bonuses, etc. in excess of $85,000.00 and the said Anne L. Cooper was not entitled to receive any monies at all; that the said Sam L. Cooper and Defendant Anne L. Cooper knowingly and willfully conspired together to take and convert to their own use these and other monies which were not deposited in said account, thereby defrauding and depriving the Plaintiff corporation."
(b) "* * * that large amounts of the monies wrongfully taken as aforesaid" were used by the Coopers to "purchase real and other properties, and that Defendant Anne L. Cooper now holds title to same and claims them as her own and/or as assets of the Estate of Samuel L. Cooper, Deceased." The complaint does not describe the subject property or otherwise identify the transactions referred to.
(c) That the Coopers "conspired to cancel obligations of plaintiff's customers to plaintiff and transfer said obligations to themselves and their children; the same being accomplished fraudulently and without consideration and the Plaintiff being thereby deprived and defrauded; and Defendant Anne L. Cooper now holds title to same and claims them as her own and/or as assets of the Estate of Samuel L. Cooper, deceased." The "what", "who" and "when" of these transactions, whatever they may be, is not specifically alleged.
(d) That the Coopers and W. Robert Smith "borrowed money illegally by selling purported debentures of the Corporation without registering same," and thereby acquired monies "with which to further the conspiracy to defraud, as aforesaid," and thereby rendered the corporation liable to the purchasers of said debentures for said funds "which were unlawfully acquired and later on taken from the plaintiff illegally, as aforesaid." The complaint fails, however, to charge that plaintiff has actually suffered a loss in the vague premises of this allegation.
(e) That the Coopers caused "large sums of money taken from the Plaintiff Corporation, as aforesaid, to be converted to their own use and expended upon their home property" for extensive remodelling thereof, an imperfect description of the property being given. The "as aforesaid" of this nebulous allegation is entirely too vague to assert a claim, assuming all else were sufficient, upon which an issue might be framed with certainty.
(f) That the Coopers purchased "large amounts of life insurance" upon the life of Samuel L. Cooper "with funds taken from the Corporation, as aforesaid, and converted to their own use, the premiums for which exceeded the sum of $4,000.00 and the proceeds of which Defendant Anne L. Cooper has collected and now holds and claims as her own." The foregoing observations concerning subparagraphs (e) are applicable here also.
(g) That defendant Anne L. Cooper and former defendant W. Robert Smith knew that the decedent Samuel L. Cooper made expenditures and investments that exceeded *714 "the compensation he legitimately might be receiving from said Corporation, and consented to same knowing that said monies were being unlawfully taken from the Plaintiff corporation." The dates, amounts, and details of such "investments" and the present effect to plaintiff are not shown.
(h) "That Defendant W. Robert Smith conspired with Samuel L. Cooper to cause the Plaintiff Corporation to pay to the said W. Robert Smith thousands of dollars annually as `salary' for little or no consideration furnished by the said W. Robert Smith; that the said W. Robert Smith knew that the monies paid by Plaintiff corporation to him as `salary' had not been earned by him and were far in excess of any reasonable charges he might have made for legal counsel for service to the Plaintiff corporation; that said conspirators attempted to cover up said fraudulent payments by reporting them as `employees salaries'."
(i) "That the said Samuel L. Cooper and Defendant W. Robert Smith were co-partners or co-adventurers in business undertakings and maintained a joint bank account at the Munroe & Chambliss National Bank at Ocala, wherein funds derived improperly from the Corporation were mingled and through which funds were transferred to the joint account of Sam L. Cooper and the Defendant Anne L. Cooper and to the personal account of Defendant W. Robert Smith and vice versa; and Defendant W. Robert Smith and said Sam L. Cooper individually acquired properties in trust for each other, from time to time, and in general made joint investments and undertook joint enterprises; and said persons conspired to wrongfully take and use funds belonging to Plaintiff corporation for said purposes."
(j) "That the said Sam L. Cooper and Defendant W. Robert Smith knowingly conspired to falsify financial reports issued by the Corporation in that, among other things, they refused to permit a firm of certified public accountants to verify a large number of accounts shown on the records of Ocala Loan Company as being bona fide accounts and thereby caused said certified public accountants to report after audit that accounts had been verified, when Defendant W. Robert Smith and the said Samuel L. Cooper both knew that large numbers of said accounts had not been verified in any fashion; that this deliberate withholding of information and falsification of reports caused the records of the Corporation to show as valid large numbers of accounts which were wholly fictitious and worthless and encouraged creditors to lend money to the Corporation which enabled the said Samuel L. Cooper to cover up and continue his peculations with the continued acquiescence of the said W. Robert Smith." It is obvious that the refusal to permit a firm of certified public accountants to examine accounts cannot in itself produce a false audit; and assuming arguendo that it had such effect, the injury to plaintiff is not shown with such particularity as would enable a jury to fix damages.
The second count charges that the defendants "have been guilty of depriving and/or defrauding the Plaintiff Corporation and/or negligently permitting Plaintiff Corporation to be deprived and/or defrauded in the following respects," in substance:
(a) That Samuel L. Cooper from time to time took sums of money from the cash drawer maintained by plaintiff at its office and converted same to his own use and that of defendant Anne L. Cooper, and made up false and fictitious loans "which he entered and maintained on the company's books and records as bona fide loans outstanding in favor of the Plaintiff Corporation"; that this was done "on numerous occasions, the exact number of which is unknown to the Plaintiff and probably must remain forever unknown, but which deprived and defrauded the Plaintiff of large sums of money, certainly in excess of $160,000.00."
(b) That "the fictitious loan instruments made by said decedent [Samuel L. Cooper] to cover his thefts were palpable frauds" because "all (or all but a few) of them were so written up" as to make it appear that they *715 were made to persons employed by Greyhound Bus Company and contained no addresses or locations of the borrowers; that this type of false transaction constitutes more than 50 per cent of the total loan accounts shown on the books and records of the plaintiff corporation; that the former defendant W. Robert Smith and defendant Anne L. Cooper "as directors of said corporation could have determined by personal examination of the records the spurious nature of these accounts and should have so informed themselves for the protection of the corporation and its creditors."
(c) That the defendants were grossly negligent in permitting and participating in the illegal sales of non-registered debentures of the corporation to the public; that such sales provided the monies which enabled decedent Samuel L. Cooper "to continue his schemes of embezzlement, as aforesaid, and without which * * * [he] would have been unable to continue the same"; and it is alleged that the corporation is now indebted to such debenture holders in excess of $200,000.00.
(d) That the defendants were grossly negligent in failing to place said Samuel L. Cooper under fiduciary bond; that said Samuel L. Cooper "had been asked to resign from a position of trust with a former employer because of embezzlement, and this fact was known to Defendants."
(e) and (f) These subparagraphs of the second count relate exclusively to the position of former Defendant W. Robert Smith.
(g) That the defendants were grossly negligent in knowingly permitting false financial reports to be issued by the corporation, reflecting as valid large numbers of accounts which were wholly fictitious thus encouraging creditors to lend money to the corporation, and this in turn, enabled the said Sam L. Cooper "to cover up and continue his peculations" which caused the "loss of many thousands of dollars to the corporation."
The third, fourth and fifth counts of the third amended complaint relate exclusively to allegedly wrongful acts of former defendant W. Robert Smith in his dealing with the corporation, and charges defendant Anne L. Cooper with negligence in permitting such transactions to be consummated. The dismissal of Mr. Smith as a party defendant leaves these counts of the complaint so vague, nebulous and uncertain as not to state a cause of action.
It is elemental, of course, that on motion to dismiss for failure of a complaint to a state a cause of action, all allegations well pleaded are taken as true. This does not mean, however, that the courts will by inference on inference or speculation supply essential averments that are lacking.
Considering the instant complaint in its entirety, it unquestionably presents what might be charitably described as a sordid condition of the affairs of the plaintiff corporation and indicates the existence of practices which, under more adept pleadings and procedures, might have resulted in litigation providing a lawful basis for the trial of germane issues of fact. It is the essential nature of jurisprudence, however, that he who seeks relief in the courts must by his pleadings adequately state his claim for relief; must do so in the manner recognized by law as presenting a proper basis for the relief sought. The complaint in question fails to meet that standard.
In deciding the issue on appeal  the question of the legal sufficiency of the third amended complaint  this court, under elemental rules of appellate practice, is confined to the record made by the parties to this appeal and cannot indulge in speculation as to what issues and facts could or might have been developed and presented in some other proceeding supported by adequate pleadings. The lower court was, of course, circumscribed by the same considerations when passing on the sufficiency of the complaint in question.
The complaint must be so framed as to allege the wrong complained of with sufficient certainty to clearly apprise the *716 court and the defendant of the nature of the claim asserted. Mere legal conclusions are fatally defective unless substantiated by sufficient allegations of ultimate fact; and every fact essential to the cause of action must be pleaded distinctly, definitely, and clearly. Wilton v. St. Johns County, 98 Fla. 26, 123 So. 527, 532, 65 A.L.R. 488 (1929); Apalachicola Land & Development Co. v. McRae, 86 Fla. 393, 98 So. 505, 517 (1923); Milligan v. Keyser, 52 Fla. 331, 42 So. 367, 371-373 (1906), and cases cited therein at page 371.
The requirements governing fraud apply to averments charging conspiracy. Renpak v. Oppenheimer, 104 So.2d 642, 646 (Fla.App. 1958); Gair v. Lockhart, 47 So.2d 826 (Fla. 1950). Reduced to the case on appeal, this means that the facts must be stated with such particularity as the circumstances may permit; that the allegations of the complaint should be clear, positive, and specific. Fla.Rules of Civil Procedure 1.9(b), 30 F.S.A.; In re Ruch's Estate, 48 So.2d 289 (Fla. 1950); Donovan v. Armour & Co., 160 Fla. 62, 33 So.2d 601, 602 (1948); Skinner v. Hulsey, 103 Fla. 713, 138 So. 769, 774 (1931). As said in Black & Yates v. Mahogany Ass'n (3 C.C.A.), 129 F.2d 227, 148 A.L.R. 841:
"A general allegation of conspiracy without a statement of the facts is an allegation of a legal conclusion and insufficient of itself to constitute a cause of action. Although detail is unnecessary, the plaintiffs must plead the facts constituting the conspiracy, its object and accomplishment."
The gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy and which results in damage to plaintiff. Liappas v. Augoustis, 47 So.2d 582 (Fla. 1950). The purpose of Rule 1.9(b), Fla. Rules of Civil Procedure, which requires that the circumstances constituting fraud shall be stated with such particularity as the same may permit, is to enable the court to determine whether upon the facts pleaded there is at least a prima facie showing of fraud. Curtis v. Briscoe, 129 So.2d 450 (Fla.App. 1961).
It would serve no useful purpose to labor at length the substantial deficiencies of the complaint in question. Its overall defect is that it fails to state with sufficient particularity the facts upon which plaintiff relies in its claim for damages.
Finding no error, the judgment appealed is
Affirmed.
RAWLS, J., concurs.
WIGGINTON, J., dissents.
WIGGINTON, Judge (dissenting).
I am of the view that the complaint states a cause of action with sufficient particularity to withstand a motion to dismiss. I would reverse the judgment of dismissal and remand the cause for trial on the merits.