PER CURIAM.
The appellants were defendants in the trial court. They appeal a summary final judgment in an action claiming damages for the failure of the defendant Edwards-Milio-ti Construction Co., Inc., to purchase certain real property which it had contracted to purchase from plaintiff-appellee. The defendant Vincent Milioti was also sued because he personally received from the escrow agent the purchaser’s deposit on the property and did not turn the money over to the corporation.
Appellants’ main thrust is that the court committed error when it struck the following pleading which was tendered as a separate defense:
“7. That the contract which is the subject of the instant suit was entered into for the express purpose of constructing homes for resale on the property described therein. The Plaintiff well knew that a highway was being proposed for that area although Defendants did not know of that fact nor was it common knowledge at the time. It was the duty of Plaintiff OVER-HOLSER to disclose that fact to your Defendants, but he willfully, maliciously and fraudulently withheld that information and falsely represented that the property could be utilized for Defendants’ purpose. * * * After processing said plans through five mortgage companies and two Federal savings and loan associations Defendants were unable to obtain any construction money. Defendants were further advised by the Dade County Planning and Zoning office that a warning would be attached to all building permits issued in the area of the subject property.
“The inability to obtain an unrestricted building permit, coupled with the refusal of any mortgage company to loan money on the subject property, rendered the subject property totally unfit for the purpose for which the parties intended the contract. Further, Defendants acted in good faith, and Plaintiff falsely and maliciously induced said *713 Defendants to enter into the deposit receipt agreement, knowing full well that the subject property could not be used for the purpose for which it was warranted.”
The order striking this pleading granted to the defendants the right to amend if they so desired. This they declined to do.
The gist of the pleading seems to be an allegation of fraud charged to the seller. We find that this is the only basis upon which the pleading could be said to present a defense. See Lansburgh v. Market St. Ry. Co., 98 Cal.App.2d 426, 220 P.2d 423, 21 A.L.R.2d 785. The allegations of the pleading are so vague and indefinite as to the elements of fraud that the court correctly struck the pleading with leave to amend. See In re Ruch’s Estate, Fla.1950, 48 So.2d 289; Gair v. Lockhart, Fla.1950, 47 So.2d 826; Ocala Loan Co. v. Smith, Fla.App.1963, 155 So.2d 711.
Appellants remaining points have been considered and found insufficient to present reversible error.
Affirmed.