BOARDMAN, Judge.
Defendant/appellant, Pleas W. Van Meter, brings this interlocutory appeal to review the orders of the trial court denying appellant’s attacking motions to plaintiff’s/appellee’s second amended complaint. Appellee, Bank of Clearwater, a Florida corporation, as guardian of the property of Hattie Nix Van Meter, an incompetent, filed its said complaint with the clerk of the Circuit Court of Pinellas County, to which appellant filed his motion to dismiss and motion to add parties. After proper hearing, the conscientious trial judge denied both of appellant’s motions. Appellant did not file additional responsive pleadings to the complaint in the trial court, but elected to seek review here.
We have thoroughly examined the record, read the briefs, and heard the able arguments of counsel.
We affirm the order of the trial judge denying appellant’s motion to add parties.
Appellee has made Pleas W. Van Meter, husband of the ward, a party defendant; it should not be required or compelled to join other parties. We cannot ascertain with certainty that by adding parties not identified by name or interest in the subject matter that the filing of a multiplicity of suits would be avoided.
The other point raised by appellant does, in our opinion, have merit, and we discuss it in detail later herein.
The precise point presented by appellant is whether the second amended complaint, with sufficient particularity, alleges facts to support the allegations set out therein of fraud and undue influence. Appellant’s contention is that the fraud alleged in said complaint is not stated with particularity (Rule 1.120(b), RCP), 30 F.S.A., and, therefore, the trial judge erred in denying his motion to dismiss. The ap-pellee’s contention is opposite and urges af-firmance of the ruling of the trial judge. To determine the question we believe it helpful to set forth the pertinent paragraphs of the second amended complaint:
“COUNT I.
1. This is an action for cancellation of deeds.

a. Hattie Nix Van Meter was adjudicated mentally incompetent by County Judge of Pinellas County, Florida, the Honorable Richard A. Miller on November 10, 1969 and the plaintiff, BANK OF CLEARWATER, was duly appointed Guardian of the Incompetent’s real property and personal property.
b. Prior to her adjudication of incompetency but while incompetent, Hattie Nix Van Meter owned an undivided one-half interest in the following pieces of real property, and may have owned interests in other pieces of property, of
*243 which Plaintiff has no personal knowledge at this time, to-wit:
1. Lots 1 through 10 inclusive and Lots 21 and 22, Block 9, of BOUR-LAND’S SUBDIVISION, according to map or plat thereof as recorded in Plat Book 14, Page 27, Public Records of Hillsborough County, Florida.
2. Lots 25, 26, Block 9, of BOUR-LAND’S SUBDIVISION, Public Records of Hillsborough County, Florida.
3. Lots 26 and 63, Block 9, SPRING PARK REVISED SUBDIVISION, Safety Harbor, Pinellas County, Florida.
4. 14 Lots located in Cleveland, White County, Georgia, LONG MOUNTAIN SUBDIVISION.
5. Lot 13, Block 10, LAKE HAMILTON SHORES ADDITION #2 and part of the SE-j4 of the NEJ4 of Section 2, Township 3, Range 19, Garland County, Arkansas and Lots 41, 42, 43, 44, 66, 67, 68, 69 and 70 of the PINE PARK SUBDIVISION of a part of the E-i/£ of the SW-';4 of Section 3, Township 3, South, Range 20 West.
c.Prior to her adjudication of incompetency but while incompetent, Hattie Nix Van Meter, transferred her interest in the above described property to the Defendant, PLEAS W. VAN METER, in the following manner and may have transferred interests in other properties of which plaintiff has no personal knowledge at this time:
1.On or about June 1, 1969, Hattie Nix Van Meter executed what is purported to be a Release of her right, title and interest in the property described in Paragraph 3 b. 1 to the Defendant; said instrument was recorded in Official Records Book 2042, Page 77, of the Public Records of Hillsbor-ough County, Florida, a copy of which is attached hereto and marked Plaintiff’s Exhibit “A” and made a part of this record hereof. There was placed on said instrument state documentary stamps in the amount of 65‡.
2. In March of 1969, Hattie Nix Van Meter, gave what appears to be an Assignment of Mortgage on the property, described in Paragraph 3 b. 2, to the Defendant.
3. Prior to her adjudication of incompetency but while incompetent, Hattie Nix Van Meter, transferred her interests in the lots described in Paragraph 3 b. 3 to the Defendant.
4. Prior to her adjudication of incompetency but while incompetent, Hattie Nix Van Meter, transferred to the Defendant a Deed which purports to convey all of her right, title and interest to the property described in Paragraph 3 b. 4.
5. Prior to her adjudication of incompetency but while incompetent, Hattie Nix Van Meter, transferred an undivided one-half interest in the property described in Paragraph 3 b. 5 to the Defendant.
d. That at the making of the above transfers, Hattie Nix Van Meter, from bad health, mental trouble, and old age, was utterly, totally and entirely non-compos mentis, without mind or freedom of will, and was incapable of making any contract whatever, or of judging of the proper disposal of her property.
e. That at the time of the execution of the above transfers Hattie Nix Van Meter, was entirely under the influence, mental control and volition of her husband, the Defendant, and was fraudulently induced by him to execute the above described deeds.
f. That the Defendant, PLEAS W. VAN METER, is the husband of Hattie Nix Van Meter and was living at the home at the time of the execution of the *244 said instruments by Mrs. Van Meter. The Defendant was maintaining a close fiduciary relationship with Mrs. Van Meter by reason of their marriage and was using his position to fraudulently induce her to execute the purported transfer deeds.
g. No consideration passed from the Defendant to the Incompetent for any of the aforementioned transactions, and the Defendant at the time of inducing the Incompetent to make the aforementioned transfers, knew that she was incompetent and was in bad health, having mental trouble, and suffering from old age, was utterly, totally and entirely non-compos mentis, without mind or freedom of will, and was incapable of making any contract whatever or of judging of the proper disposal of her property. And with the knowledge of her incompetency, the Defendant intended to deprive the Incompetent and her estate of the above described property and that said knowledge constitutes fraud on the part of the Defendant in his actions.
h. The Defendant, PLEAS W. VAN METER, has refused Plaintiff’s demands to transfer interest back to the Guardian in all of the above described real property.
i. The plaintiff has no adequate legal remedy.
‡ % sjc ‡ # ;¡<
COUNT II.
* * * * * *
4. This is an action for an accounting.

a. Plaintiff incorporates as Paragraph 6-a, in this Count of this Complaint, each and every of the allegations contained in Paragraph 3-a through i by reference herein.”
Rule 1.120(b), RCP, applicable here, requires that:
“ . . .In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with such particularity as the circumstances may permit. . . . ” (Emphasis supplied).
Under the present rules of pleading we recognize that “fact” pleading is limited in scope and that discovery procedure is available to ascertain relevant facts relating to a cause of action. In this case we are concerned with viewing the allegations of the second amended complaint in the light of the provisions of Rule 1.120, RCP, 30 F.S.A., entitled “Pleading Special Matters” and not Rule 1.110, RCP, 30 F.S.A., entitled “General Rules of Pleading.”
We have read and reread the said complaint and, in absolute deference to the judgment of the trial judge, we do not believe that the allegations contained in the second amended complaint meet the requirements of Rule 1.120(b), RCP.
The appellee in its brief urges this court to affirm the ruling of the trial court averring therein, in essence, that it would be impossible to allege specific dates, places and acts which constitute the fraud, other than those as set forth in the complaint as amended, as several different transfers are involved extending over a period of several years. Appellee requests that appellant file his responsive pleading and use discovery to obtain such other information as is necessary to defend this action. We cannot agree with appellee’s contention. It is noted that this case has been pending for several years and that, at least according to the record, appellee has not deemed it advisable or necessary to avail itself of the discovery mechanism set out in the pertinent Rules of Civil Procedure. Further, it appears it would be equally impossible to require appellant to file a meaningful responsive pleading to the said complaint unless and until the fraud or undue influence he is alleged to have perpetrated upon his wife is set out specifically and particularly. See Thompson v. Safeco Ins. Co., Fla.App. 1967, 199 So.2d 113; Ocala Loan Co. v.
*245 Smith, Fla.App.1963, 155 So.2d 711, reh. den. Sept. 3, 1963; also, General Dynamics Corp. v. Hewitt, Fla.App. 1969, 225 So.2d 561, revised opinion, especially the court’s ruling on the motion to dismiss Count III of complaint, page 563.
In conclusion, we hold that Rule 1.-120(b), RCP states all averments of fraud; and, therefore, in our judgment, the presumption of fraud or undue influence arising from the nature of the transactions set forth in the second amended complaint, wherein appellant/husband obtained property or deeds from his wife, is not sufficient to avoid the necessity of pleading the specific acts and conduct constituting the fraud or undue influences.
Accordingly, the order of the trial court denying appellant’s motion to dismiss is reversed and the order of the trial court denying appellant’s motion to add parties is affirmed.
LILES, A. C. J„ and HOBSON, J., concur.