PER CURIAM.
We reverse the trial court order denying the defendant’s motion to dismiss the complaint. The action was for recision of a contract because of mistake. As plaintiff-appellee concedes, the complaint was defective for failure to allege the mistake with particularity. F.R.C.P. 1.120(b), 30 F.S. A.; Curtis v. Briscoe, 129 So.2d 450 (2d D.C.A. Fla.1961) and Van Meter v. Bank of Clearwater, 276 So.2d 241 (2d D.C.A. Fla. 1973).
However, plaintiff urges that the complaint can be sustained upon some theory of a breach of oral contract. It may or may not have such cause of action. However, even under the most liberal construction of the procedural law of pleading, we are unable to glean a cause such as this within the corners of the present complaint. Orderly procedure and fairness to *119 the defendant in being placed in a position so it can frame its defenses require that plaintiff be required to re-plead.
We reverse with instructions that plaintiff’s complaint he dismissed, but with leave to amend.
Reversed and remanded.
WALDEN and MAGER, JJ., and MOORE, JOHN H., II, Associate Judge, concur.