Paul CASTER, Plaintiff-Appellant,

v.

Thomas H. HENNESSEY and St. Mary's Hospital, Defendants-Appellees.

No. 85–5606

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 14, 1986.

**1570**

Steven M. Kramer, Philadelphia, Pa., for plaintiff-appellant.

David Crow, West Palm Beach, Fla., for defendant-appellee.

Rosemary Cooney, West Palm Beach, Fla., for St. Mary's Hosp.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant commenced a defamation action based on allegedly libelous statements contained in his personnel record which were published to prospective employers. The complaint contained a copy of the allegedly libelous material but stated only general information as to its publication. The district court ordered appellant to file an amended complaint within fifteen days, to specifically name and identify the individuals to whom the material was published and the dates of publication. Appellant filed an amended complaint listing several persons and varying time periods, ranging from one month to four years, during which the material was published. The district court dismissed appellant's complaint because he failed to set forth specific allegations to support his claim under Florida law and the amended complaint was not filed within the prescribed time period.

Although Florida substantive law applies to this diversity action, *Church of Scientology of California v. Cazares*, 638 F.2d 1272, 1286 (5th Cir.1981), federal procedural law governs. *Hanna v. Plumer*, 380 U.S. 460, 465–74, 85 S.Ct. 1136, 1140–45, 14 L.Ed.2d 8 (1965). While Florida requires, perhaps wisely, specific allegations of publication in the complaint, *see e.g., Buckner v. Lower Florida Keys Hospital District*, 403 So.2d 1025, 1027–28 (Fla.Dist.Ct.App.1981), *cert. denied*, 412 So.2d 463 (Fla.1982), *Ocala Loan Co. v. Smith*, 155 So.2d 711, 715–16 (Fla.Dist.Ct. App.1963), under *Hanna* a federal court need not adhere to a state's strict pleading requirements but should instead follow Fed.R.Civ.P. 8(a). 5 Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1245 (1985 Supp.). In contrast to Florida's strict pleading requirements, Fed.R. Civ.P. 8(a)(2), simply requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requirement means the complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Appellant's original complaint satisfied this liberal pleading standard: the complaint reproduced the allegedly defamatory statement and generally described its publication, stating it was communicated to personnel within the defendant hospital and prospective employers. This statement of appellant's claim was sufficient to give the defendants fair notice of his claim and the basis therefore. Because the complaint was sufficient to satisfy Fed.R.Civ.P. 8(a), the district court erred in dismissing the complaint.

REVERSED.