Sarah Faye **BAIRD**, Plaintiff,

v.

**Rodolfo CELIS, M.D. et al.**, Defendants.

No. Civ.A. 3:98–CV–068.

United States District Court, N.D. Georgia, Newnan Division.

March 5, 1999.

Donald W. Johnson, Johnson Law Firm, Fayetteville, GA, for plaintiff.

Charles Jerry Willis, Willis, McKenzie & Long, LaGrange, GA, David H. Tsinger, Richard G. Tsinger, Jr., Tsinger Tsinger Vance & Greer, Carrollton, GA, for defendant.

*ORDER*

CAMP, District Judge.

This case is before the Court on Defendant West Georgia Health System, Inc.'s Motion to Dismiss [# 8–1] and the remaining Defendants' Motion to Dismiss [# 14–1] Plaintiff's Complaint. On September 1, 1998, Plaintiff filed a Voluntary Dismissal as to Defendant West Georgia Health System, Inc. Accordingly, Defendant West Georgia Health System, Inc.'s Motion to Dismiss [# 8–1] is **DENIED AS MOOT.** For the reasons set forth below, the Motion to Dismiss [# 14–1] of the remaining Defendants is also **DENIED.**

**I. BACKGROUND**

Plaintiff, an Alabama resident, brings suit alleging that Defendants—medical fa-

cilities, physicians, or other professionals licensed to practice in the State of Georgia—treated her at the West Georgia Medical Center in LaGrange, Georgia in August 1994. During the course of this treatment, Plaintiff contends that Defendants performed an MRI (or a magnetic resonance image) test on her lumbar spine. Plaintiff alleges that Defendants failed to exercise the reasonable degree of medical care, diligence, and skill ordinarily employed by professionals in the field in interpreting and reporting the results of the MRI. Plaintiff claims that Defendants reported to her that the MRI was normal when it, in fact, plainly showed a herniated disc in her lumbar spine. Plaintiff alleges that she has suffered severe and permanent injury as a result of Defendants' negligence and seeks damages for those injuries and the future medical care she will require.

Defendants have moved to dismiss Plaintiff's Complaint pursuant to O.C.G.A. § 9–11–9.1 which provides that plaintiffs in professional malpractice cases must file contemporaneously with the complaint the affidavit of a competent expert setting forth at least one negligent act or omission against each professional defendant and a synopsis of the relevant facts which support the expert's opinion of negligence. Defendants argue that Plaintiff's failure to file an expert affidavit in this case warrants dismissal of her medical malpractice action under O.C.G.A. § 9–11–9.1(e). Plaintiff concedes her failure to file the affidavit at issue but argues that this affidavit requirement in Georgia medical malpractice cases does not apply to her diversity action brought in federal court.

## II. MOTION TO DISMISS

■ In order to determine whether Plaintiff's Complaint should be dismissed, the Court must decide whether the affidavit requirement of O.C.G.A. § 9–11–9.1 applies in this federal diversity case. The expert affidavit requirement is a product of Georgia's efforts at tort reform and the failure to comply with the requirement results in dismissal of a complaint "on the merits" in Georgia courts. *See Brown v. Nichols, M.D.,* 8 F.3d 770, 772 (11th Cir. 1993).

■ In the landmark decision of *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Supreme Court held that federal courts sitting in diversity have no constitutional authority to fashion a "federal general common law." The Court found that the Constitution requires federal courts sitting in diversity to apply the law of the states in which they sit. *Id.* According to *Erie,* however, it is clear that federal courts are bound only be the substantive law of the states and not the state procedural rules. *See Brown v. Nichols,* 8 F.3d 770, 773 (11th Cir.1993) ("state law governs substantive issues, ... while federal law governs pleading requirements.") (citations omitted).

■ Following the Supreme Court's *Erie* decision, the federal courts grappled with the distinction between "substantive" requirements to which state law applied and "procedural" ones governed by federal law. To clarify confusion regarding the clash between the Federal Rules of Civil Procedure and state laws with arguably "substantive" effect, the Supreme Court decided *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). *Hanna* confirmed that the Federal Rules of Civil Procedure are to be applied in federal diversity cases despite their conflict with state laws of seemingly substantive effect. Although the Eleventh Circuit has yet to address the applicability of the Georgia expert affidavit requirement in federal diversity cases,[1] the rule of *Hanna* demon-

---

1. In *Brown v. Nichols,* 8 F.3d 770 (11th Cir. 1993), the Eleventh Circuit heard an appeal of a district court's dismissal of a medical malpractice diversity case due to plaintiff's failure to file the expert affidavit required by O.C.G.A. § 9–11–9.1. Because the Court held that it was error for the district court to have dismissed the action without at least permitting the plaintiff to amend the complaint and

strates that O.C.G.A. § 9–11–9.1 does not apply in this federal diversity action.

In *Hanna*, the district court granted summary judgment to the defendant executor in a federal diversity action as a result of the plaintiff's failure to serve the defendant as required by Massachusetts state law. In an effort to encourage the speedy settlement of estates, Massachusetts had enacted a law requiring the hand delivery of complaints to executors of estates. *Id.* at 462 n. 1, 85 S.Ct. 1136. Plaintiff challenged summary judgment based on her failure to personally deliver the complaint to the executor, arguing that service of the complaint upon the executor's wife at his home in compliance with Federal Rule of Civil Procedure 4 was sufficient. The First Circuit Court of Appeals upheld the summary judgment based on *Erie* and its progeny, finding that the "recent amendments to [the Massachusetts law] evince[d] a clear legislative purpose to require personal notification." Thus, the court concluded that the conflict between federal and state rules related to a "substantive" matter rather than a "procedural" one and affirmed the judgment.

■ Because Rule 4 of the Federal Rules of Civil Procedure would have governed the propriety of the plaintiff's service of the executor in the absence of the Massachusetts law, the state law at issue conflicted with the requirements of the Federal Rules of Civil Procedure. *Id.* at 465, 85 S.Ct. 1136. The *Hanna* court explained that *Erie* had never "commanded displacement of a Federal Rule by an inconsistent state rule." *Id.* at 470, 85 S.Ct. 1136. The Court held that:

> When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided Erie choice: the court has been instructed to apply the Federal Rule and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their pri-

ma facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.

*Id.* at 471, 85 S.Ct. 1136. The Court, therefore, found that the less restrictive Federal Rule regarding service applied in the federal diversity case despite the substantive policy behind the Massachusetts law and reversed the summary judgment in favor of the Defendant. The Court further explained that "[t]o hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act." *Id.* at 473–74, 85 S.Ct. 1136. Therefore, federal courts should apply the Federal Rules to the exclusion of any contrary state procedure as long as the Rule is both constitutional and within the scope of the enabling act. *Ferrero v. Associated Materials, Inc.,* 923 F.2d 1441, 1448 (11th Cir.1991) (citing Hanna).

■ Based on the rule of *Hanna*, the Georgia expert affidavit requirement does not apply in this federal proceeding. As noted by the Eleventh Circuit, Federal Rule of Civil Procedure 8(a) would govern a professional malpractice plaintiff's pleading requirements in the absence of the state created affidavit requirement. *See Brown v. Nichols,* 8 F.3d 770, 773 (11th Cir.1993) ("If the Georgia law [requiring an expert affidavit] does not apply, the sufficiency of Brown's complaint is measured by Fed.R.Civ.P. 8(a)."). Rule 8(a) requires only a "short and plain claim that the pleader is entitled to relief" and does not require a pleader to "set out in detail the facts upon which he bases his claim." *Id.* Therefore, the expert affidavit which requires specific allegations of negligence

provide the affidavit even if the requirement applied, the court specifically declined to address the applicability of the affidavit require-

ment to a case filed in federal court. *Id.* at 773.

is in direct conflict with the notice pleading standard of Federal Rule 8(a).

Like the state law in *Hanna*, Georgia's expert affidavit requirement creates a higher standard for plaintiffs seeking to initiate a particular type of action than the conflicting Federal Rule. Like the Massachusetts law in *Hanna*, the affidavit requirement reflects a substantive policy of the State of Georgia with respect to tort reform. Nonetheless, Rule 8(a) controls the Plaintiff's pleading burden in the instant case. "When, because the plaintiff happens to be a non-resident, ... [a state created] right is enforceable in a federal as well as in a State court, the forms and mode of enforcing the right may at times, naturally enough, vary because the two judicial systems are not identical." *Hanna* 380 U.S. at 473, 85 S.Ct. 1136 (quoting *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 108, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945)).

The inapplicability of this heightened pleading requirement in medical malpractice cases in federal court is also consistent with the Eleventh Circuit's holding with respect to Rule 8(a) in *Caster v. Hennessey*, 781 F.2d 1569 (11th Cir.1986). In *Caster*, the plaintiff brought a defamation action against the defendant under Florida substantive law. Florida law required specific allegations with respect to publication of defamatory statements in the complaint and the district court dismissed the plaintiff's complaint for failure to plead publication in accordance with this requirement. *Id.* at 1570. While the Eleventh Circuit noted that the specificity requirement in defamation cases was probably a wise one, it held that "under Hanna, a federal court need not adhere to a state's strict pleading requirements but should instead follow Federal Rule 8(a)." *Id.* Because the plaintiff's complaint contained a short and plain statement notifying the defendant generally of his defamation claims, the court found that Rule 8(a) was satisfied and that the district court had erred in dismissing the complaint based upon the Florida pleading requirement. *Id.*

Similarly, Plaintiff's Complaint in this case contains a short and plain statement sufficient to fulfill the pleading requirements of Rule 8(a) and dismissal of her complaint for failure to follow the heightened pleading requirement set by Georgia in professional malpractice cases would be inappropriate. In *Boone v. W.R. Knight, III*, 131 F.R.D. 609 (S.D.Ga.1990) (Alaimo, J.), the court considered the identical issue presented in this case. In that case, the defendants moved to dismiss the plaintiff's professional malpractice case as a result of the plaintiff's failure to file the expert affidavit required by O.C.G.A. § 9–11–9.1. In considering whether the affidavit requirement should apply in federal court, the court found that the question fell squarely within the rule of *Hanna*. *Id.* at 611. The court stated that "[t]he Georgia statute at issue here is codified in the state's civil procedure code and is essentially a pleading requirement. In requiring that the plaintiff attach to his complaint the affidavit of an expert witness, the statute in effect mandates the pleading of evidentiary material." The court held that the Georgia affidavit requirement is in direct conflict with the notice pleading standard of Federal Rule 8(a) in requiring the pleading of evidentiary material and that the affidavit requirement is, therefore, not binding on a plaintiff in federal court. *Id.* at 611–612.

Similarly, the court in *Braddock v. Orlando Regional Health Care Sys., Inc.*, 881 F.Supp. 580 (M.D.Fla.1995) found that Florida's expert affidavit requirement in medical malpractice cases does not apply in diversity actions brought in federal court. "The heightened pleading requirement ... requiring an affidavit from a medical expert as part of a plaintiff's complaint, directly conflicts with Fed.R.Civ.P. 8(a), which requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 584. Accordingly, the court denied the defendants' motions to dismiss based on the affidavit requirement, holding that the re-

quirement would not be applied by a federal court sitting in diversity. *Id.*

The Court finds, therefore, that O.C.G.A. § 9–11–9.1, requiring an expert affidavit to be filed with a complaint for professional malpractice, is in direct conflict with Federal Rule of Civil Procedure 8(a) which requires only notice pleading. As a result of this conflict, this Court is bound by *Hanna* to adhere to the Federal Rule of Civil Procedure governing Plaintiff's pleading obligations. Therefore, Plaintiff is not bound by O.C.G.A. § 9–11–9.1 in this Court and Defendants' Motion to Dismiss [# 14–1] is **DENIED.**

## III. SUBJECT MATTER JURISDICTION

In reviewing Plaintiff's Complaint and Amended Complaint in this case, the Court notes that Plaintiff has alleged an amount in controversy "in excess of $50,000." The amendment to 28 U.S.C. § 1332 raising the required amount in controversy to $75,000.00 became effective January 17, 1997 before the filing of both the Complaint and the Amended Complaint in this case. *See Wilkins v. Commercial Investment Trust Corp.*, 153 F.3d 1273, 1278 n. 18 (11th Cir.1998). Although it is possible that Plaintiff's claims in this case satisfy the requisite amount in controversy for purposes of this Court's subject matter jurisdiction due to her claims of permanent injury in excess of $50,000, this fact is not clear from the face of the Complaint. Plaintiff shall have 30 days from the date of this Order in which to file an amended complaint that demonstrates that this Court has subject matter jurisdiction over her claims. Plaintiff is cautioned that failure to file an amendment will result in dismissal of the Complaint.

## IV. CONCLUSION

Based on the foregoing, Defendant West Georgia Health System, Inc.'s Motion to Dismiss [# 8–1] is **DENIED AS MOOT** and Defendants' Motion to Dismiss [# 14–1] Plaintiff's Complaint is **DENIED.** Plaintiff shall have 30 days from the date of this Order in which to file an amended complaint demonstrating the subject matter jurisdiction of this Court.

**SO ORDERED.**