[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16335
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-20352-ASG

CHARLES E. FREEMAN,

Plaintiff-Appellant,

versus

PATRICK RICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 9, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Charles E. Freeman, proceeding pro se, appeals the district court's

decision awarding Defendant Patrick Rice $14,982.50 in attorney's fees incurred

during a previous appeal to this Court. After review, we hold that the district court did not abuse its discretion in granting Rice's motion for attorney's fees. For this reason, we affirm.

I.

A thorough history of the origin of this case is available in our previous opinion, <u>Freeman v. Rice</u>, 399 F. App'x. 540, 541–44 (11th Cir. 2010). For purposes of this appeal, a brief summary will suffice.

This case began as a landlord-tenant action in the Small Claims Division of the County Court of Miami-Dade County, Florida. <u>Id.</u> at 541. Rice sued Freeman, who was his landlord, alleging breach of a residential lease. <u>Id.</u> at 542. The parties proceeded to a bench trial, and Rice was awarded $2,555. <u>Id.</u> This judgment was upheld on appeal, and the County Court later issued an Amended Final Judgment granting $14,165.90, which included attorney's fees. <u>Id.</u> After Freeman unsuccessfully attempted to appeal the Amended Final Judgment, the County Court issued a second final judgment awarding Rice an additional $4,161.34 in attorney's fees resulting from this appeal. <u>Id.</u>

Following the conclusion of the state court litigation, Freeman initiated an action in federal district court, seeking an injunction prohibiting Rice from collecting the attorney's fees and costs awarded to him by the County Court. The district court granted Rice's motion to dismiss and ordered that Freeman's

complaint be dismissed with prejudice. Id. at 543. The next day, Freeman moved for leave to amend, which the district court denied. Id. After Freeman appealed the district court's denial of leave to amend, we affirmed. Id. at 545.

We allowed Rice's motion to seek appellate attorney's fees out of time and transferred Rice's motion for appellate attorney's fees back to the district court. The district court referred the motion to a magistrate judge, who in turn recommended that Rice's motion for appellate attorney's fees be granted. The district court adopted the magistrate judge's report and recommendation and awarded $14,982.50 in attorney's fees to Rice. Freeman now appeals the district court's award of appellate attorney's fees.

## II.

"This court reviews an award of attorney's fees for abuse of discretion; nevertheless, that standard of review still allows us to closely scrutinize questions of law decided by the district court in reaching a fee award." Villano v. City of Boynton Beach, 254 F.3d 1302, 1304 (11th Cir. 2001) (quotation marks omitted).

Freeman's first argument is that Rice's motion for appellate attorney's fees fails to comply with the federal standards for pleading a breach of contract claim. Specifically, Freeman argues that Rice's Motion for Attorney's Fees did not comply with the pleading standards established in cases like Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), Ashcroft v. Iqbal,

3

556 U.S. 662, 129 S. Ct. 1937 (2009), and Vega v. T-Mobile USA, Inc., 564 F.3d 1256 (11th Cir. 2009).  In the same vein, Freeman argues that Rice was required to plead attorney's fees as a category of special damages pursuant to Federal Rule of Civil Procedure 9(g).

Freeman's argument fails because Rice's motion for attorney's fees was not a filing that is required to meet the pleading standards of Rule 9(g) or cases like Iqbal, Twombly, and Vega.  Rule 7(a) lists the seven categories of pleadings allowed in federal court, and a motion for attorney's fees is not one of them.  See Fed. R. Civ. P. 7(a).  Rather, Rice's request for attorney's fees was governed by 11th Cir. R. 39-2(b) because they arose from an appeal to this Court.  See Common Cause/Ga. v. Billups, 554 F.3d 1340, 1356–57 (11th Cir. 2009) ("Rule 39-2 of this Court governs an award of attorney's fees and requires, absent statute or court order, the filing of a request in this Court, not the district court . . . .").  Rule 39-2 provides that an application for attorney's fees to this Court requires: (1) a memorandum showing that the party seeking fees is legally entitled to them; (2) a summary of work performed supported by contemporaneous time records recording all work for which a fee is claimed; and (3) an affidavit attesting to the truthfulness of the information contained in the application and demonstrating the basis for the hourly rate requested.  11th Cir. R. 39-2(b).  Freeman's argument

lacks merit because he cannot show that Rice's motion for appellate attorney's fees failed to meet any of these requirements.[1]

Second, Freeman argues that he had no notice that Rice would seek attorney's fees. According to Freeman, Rice did not file a motion for attorney's fees within 30 days after the County Court issued its judgment. Nor did Rice provide Freeman notice that he would pursue attorney's fees on appeal. As a result, Freeman argues that Rice is precluded from seeking attorney's fees at any later stage in the proceedings.

Freeman's argument would be correct if Rice were seeking attorney's fees from the original proceeding in County Court. Florida Rule of Civil Procedure 1.525 states that any party seeking a judgment of attorney's fees shall serve a motion no later than 30 days after the filing of the judgment. Rice did not seek attorney's fees from those proceedings, however, because he appeared pro se in the County Court. Rather, Rice is seeking attorney's fees from Freeman's previous appeal to this Court, which is governed by 11th Cir. R. 39-2(a), not the Florida Rules of Civil Procedure. Eleventh Circuit Rule 39-2(a) states that an application

---

[1] Freeman also argues that under Florida law, Rice failed to sufficiently plead a claim in County Court. State pleading rules, however, do not apply in federal court, even in cases based on diversity jurisdiction. See Caster v. Hennessey, 781 F.2d 1569, 1570 (11th Cir. 1986). In addition, to the extent that Freeman wishes to re-argue the merits of the state court proceedings, we lack jurisdiction to address this argument. See Lance v. Dennis, 546 U.S. 459, 463, 126 S. Ct. 1198, 1201 (2006) ("[U]nder what has come to be known as the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.").

for attorney's fees must generally be filed within 14 days after the time for filing a petition for rehearing or rehearing en banc expires, or within 14 days after entry of an order disposing of a timely petition for rehearing, or denying a timely petition for rehearing en banc, whichever is later.  The rule allows for exceptions, however, whenever the Court so orders. 11th Cir. R. 39-2(a). And in this case, we issued an order granting Rice's request to file a motion for appellate attorney's fees out of time.  As a result, Rice's motion for attorney's fees, while untimely, was nevertheless permissible.  See Common Cause, 554 F.3d at 1357 ("It is long established in this circuit that this court has the discretion to award attorney's fees and costs for the work expended before it.") (quotation marks omitted).

Finally, Freeman argues that the district court erred when it concluded that Rice was entitled to attorney's fees under the lease.  Paragraph 25 of Rice's lease states that "[i]n any lawsuit brought to enforce the Lease or under applicable law, the party who wins may recover . . . attorney's fees from the party who loses." Freeman argues that none of the proceedings in this case—including his previous appeal to this Court—can qualify as a proceeding to enforce the lease or other applicable law because Rice never alleged any such violation in his initial County Court complaint.

Even though Rice's initial complaint may not have stated explicitly that he was suing for breach of his residential lease, at this stage in the proceedings, it is

6

indisputable that Rice's original action alleged breach of a residential lease.  See

Freeman, 399 F. App'x at 541–42 ("In 2005, Rice sued Freeman, who was his

landlord, alleging breach of a residential lease.").  In his Amended Complaint in

the district court, Freeman acknowledged that Rice sued him "for an alleged breach

of a residential lease agreement."  Freeman also cannot cite to any authority or

facts suggesting that Rice's suit involved anything other than a suit to enforce the

residential lease.  As a result, we agree with the district court that attorney's fees

here are appropriate under paragraph 25 of Rice's lease.  The judgment of the

district court is therefore

   **AFFIRMED**