**Martha A. BROWN, Plaintiff–Appellant,**

v.

**Evans J. NICHOLS, M.D., Kennestone Hospital, Defendants–Appellees;**

**John Doe, et al., Defendants.**

**Nos. 91–8235, 91–8490 and 92–8878.**

United States Court of Appeals, Eleventh Circuit.

Dec. 7, 1993.

by designation.

Gordon L. Joyner, Joyner & Joyner, Atlanta, GA, for plaintiff-appellant.

Benny C. Priest, Barnes, Browning, Tanklsey & Casurella, Marietta, GA, Robert G. Tanner, Stephen H. Sparwath, Long, Weinberg, Ansley & Wheeler, Atlanta, GA, for defendants-appellees in Nos. 91–8235 & 91–8490.

Benny C. Priest, Barnes, Browning, Tanksley & Casurella, Marietta, GA, for Kennistone Hosp.

Robert G. Tanner, Stephen Sparwath, Long, Weinberg, Ansley & Wheeler, Atlanta, GA, for Nichols.

Before ANDERSON and CARNES, Circuit Judges, and SCHLESINGER *, District Judge.

CARNES, Circuit Judge:

Martha Brown appeals from district court orders dismissing her medical malpractice claims in this diversity jurisdiction case. The district court dismissed Brown's claims against the named defendants for failure to comply with a Georgia statute that requires malpractice plaintiffs to file the affidavit of an expert supporting the allegation of malpractice. The court also dismissed Brown's

---

* Honorable Harvey E. Schlesinger, U.S. District Judge for the Middle District of Florida, sitting by designation.

claims against the unnamed defendants for failure to make timely service under Fed. R.Civ.P. 4(j). For the reasons that follow, we hold that both of these dismissals were in error.

## I. BACKGROUND

In June 1990 Martha Brown brought this diversity action in the Northern District of Georgia against Dr. Evans Nichols, Kennestone Hospital, and the unnamed and unserved "John and Jane Doe." Brown alleged that the defendants committed malpractice while performing a hysterectomy on her and in treating her for subsequent complications. Georgia law requires that malpractice complaints be filed with the affidavit of an expert setting forth the factual basis of the case. O.C.G.A. § 9–11–9.1(a). When Brown failed to file the affidavit, Nichols moved to dismiss her claim. The district court granted the motion on December 7, 1990.

Kennestone Hospital also then moved for dismissal pursuant to O.C.G.A. § 9–11–9.1(e). Brown in turn requested reconsideration of the court's order dismissing the complaint against Nichols and permission to amend her complaint to include an expert's affidavit. The district court rejected Brown's requests and granted Kennestone's motion on February 7, 1991. Brown filed a notice of appeal of the dismissals on March 1, 1991.

Later that month, Brown attempted to amend her complaint to substitute Dr. Randall Webb and Nurse Maxine Saless for John and Jane Doe. Brown served Webb and Saless with copies of the amended complaint and attached a copy of an expert's affidavit. On April 30, 1991, the district court issued a third order amending its February 7 order explicitly dismissing the claims against John and Jane Doe for lack of timely service under Fed.R.Civ.P. 4(j). Brown filed a notice of appeal from the April 30 order. After holding that the district court lacked authority to amend its judgment once an appeal from its order had been docketed, this Court remanded the case in order to restore authority to the district court. On August 10, 1992, the district court adopted and reentered the amended order. Brown then appealed from the August 10 order. That

appeal, her third, is now before this Court and has been consolidated with the first two.

## II. DISCUSSION

### A. APPLICATION OF THE GEORGIA EXPERT AFFIDAVIT REQUIREMENT IN FEDERAL COURT

The expert affidavit requirement, O.C.G.A. § 9–11–9.1, is a product of Georgia's efforts at tort reform. *See Lutz v. Foran,* 262 Ga. 819, 427 S.E.2d 248, 251 & n.3, 252 (1993). Originally enacted as part of the Medical Malpractice Reform Act of 1987, *see Housing Authority of Savannah v. Greene,* 259 Ga. 435, 383 S.E.2d 867, 869 (1989), the code section provides in part:

> In any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

O.C.G.A. § 9–11–9.1(a) (1993). Section 9–11–9.1(e) adds that a complaint filed without such an affidavit "is subject to dismissal." The Georgia Supreme Court has observed that such dismissals are dismissals on the merits. *See Lutz,* 427 S.E.2d at 252.

In dismissing Brown's claims against Nichols and Kennestone Hospital, the district court held that the expert affidavit requirement applied in federal diversity actions as well as in state court proceedings: "to hold otherwise in this court would subvert the limitation the Georgia legislature has put on Georgia's medical malpractice cause[s] of action[ ] and give the plaintiff in this case an advantage over a Georgia resident." Brown argues that the expert affidavit requirement should not apply in federal court because it conflicts with the "notice pleading" standard adopted in Fed.R.Civ.P. 8(a)(2). Brown also observes that the Georgia Supreme Court has twice ordered that plaintiffs subject to § 9–11–9.1 be given leave to amend when it was not clear at the time the complaints were filed that the requirement applied. Brown therefore argues in the alternative that even if the Georgia law does apply in federal

district court, the district court erred in dismissing her claims rather than granting her permission to amend her complaint by attaching the affidavit.

We have previously observed that, in diversity actions, state law governs substantive issues, *Holley Equipment Co. v. Credit Alliance Corp.,* 821 F.2d 1531, 1534 (11th Cir. 1987), while federal law governs pleading requirements, *Caster v. Hennessey,* 781 F.2d 1569, 1570 (11th Cir.1986) (citing *Hanna v. Plumer,* 380 U.S. 460, 465–74, 85 S.Ct. 1136, 1140–45, 14 L.Ed.2d 8 (1965)). However, because the district court erred in dismissing Brown's claims with prejudice whether or not the Georgia expert affidavit requirement applies in diversity cases, we need not decide in which category the requirement belongs.

■ If the Georgia law does not apply, the sufficiency of Brown's complaint is measured by Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court recently re-emphasized that the Federal Rules "do not require a claimant to set out in detail the facts upon which he bases his claim." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). We have repeatedly emphasized the liberality of the principles of notice pleading that govern federal procedure. *See, e.g., Plumbers & Steamfitters Local No. 150 Pension Fund v. Vertex Constr. Co.,* 932 F.2d 1443, 1448 (11th Cir.1991); *Arnold v. Board of Educ. of Escambia County,* 880 F.2d 305, 309 (11th Cir. 1989). Indeed, the appellees do not argue that Brown's original complaint failed to satisfy Rule 8. Therefore, if the Georgia statute does not apply in federal court, the district court erred in dismissing Brown's claims with prejudice.

■ On the other hand, even if the Georgia expert affidavit requirement applies to diversity actions, the district court still erred in dismissing Brown's claims with prejudice. We review district court interpretations of state law *de novo. Hardaway Co. v. Amwest Surety Ins. Co.,* 986 F.2d 1395, 1397

(11th Cir.1993) (citing *Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991)). In applying state law, "we are bound to follow the decisions of a state's highest court." *Hardaway,* 986 F.2d at 1401 (citing *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967)). The Georgia Supreme Court has twice read § 9–11–9.1 as allowing a "reasonable time" to file the affidavit, beyond the limits contained in the text, in cases in which it was unclear whether the requirement applied at the time the complaint was filed. *See Lutz v. Foran,* 262 Ga. 819, 427 S.E.2d 248, 252–53 (1993); *Kneip v. Southern Engineering Co.,* 260 Ga. 409, 395 S.E.2d 809, 811 (1990).

In *Housing Authority of Savannah v. Greene,* 259 Ga. 435, 383 S.E.2d 867, 869 (1989), the Supreme Court of Georgia held that § 9–11–9.1 was not restricted to medical malpractice actions, but applied to any action for professional malpractice. In *Kneip v. Southern Engineering Co.,* 260 Ga. 409, 395 S.E.2d 809 (1990), the supreme court reviewed the dismissal of a malpractice suit against an engineering company for failure to satisfy the expert affidavit requirement. Applying *Greene*'s rationale, *Kneip* held that § 9–11–9.1 applied. 395 S.E.2d at 810. However, the *Kneip* court noted that at the time the complaint was filed, no Georgia appellate court had held that the expert affidavit requirement applied to non-medical malpractice actions. For that reason, the Georgia Supreme Court held that "in light of the legislative history of the statute, and the unclear state of the law at the time ... it would be manifestly unfair to dismiss [the] complaint." 395 S.E.2d at 811. The court reversed the dismissal, and remanded so that the plaintiff "may be granted a reasonable time in which to file the appropriate affidavit." *Id.*

*Gillis v. Goodgame,* 262 Ga. 117, 414 S.E.2d 197, 198 (1992), further clarified § 9–11–9.1's reach. In that case, the Georgia Supreme Court held that the term "professional," as used in the statute, referred to those occupations recognized as professions by certain other sections of the Georgia Code. In *Lutz v. Foran,* 262 Ga. 819, 427

S.E.2d 248 (1993), the supreme court reviewed the dismissal of a professional malpractice suit against a harbor pilot for failure to satisfy § 9–11–9.1. Following the rule announced in *Gillis,* the court held that because harbor pilots are recognized as professionals by O.C.G.A. § 14–7–2(2), the expert affidavit requirement applied. 427 S.E.2d at 249. However, recognizing that *Gillis* was not decided until after the complaint was filed, the *Lutz* court reversed the dismissal and remanded to give the plaintiff "a reasonable time to file the appropriate affidavit." 427 S.E.2d at 253.

In both *Kneip* and *Lutz,* the Georgia Supreme Court interpreted § 9–11–9.1 not to require the dismissal of an action for professional malpractice if it was not clear at the time the action was filed that the statute would apply. We are bound to follow that interpretation. Therefore, if it was not clear at the time Brown filed her complaint that § 9–11–9.1 would apply in a diversity action in federal court, the district court erred in dismissing her claims with prejudice. Instead, the district court should have granted Brown leave to amend her complaint.

When Brown filed her complaint in June 1990, the Georgia expert affidavit requirement had never been held applicable to diversity actions in federal court. Only two district court decisions, *McGlamery v. Bruttomesso,* No. 1:88–CV–787–RCF, slip op. at 2–3 (N.D.Ga. June 16, 1989), and *Boone v. Knight,* 131 F.R.D. 609, 611–12 (S.D.Ga. 1990), had addressed the issue; both had held that § 9–11–9.1 *did not* apply in federal court. It therefore can hardly be said that the expert affidavit requirement clearly applied in federal court. Even if the requirement applies, therefore, under *Kneip* and *Lutz* the district court should have granted her leave to amend.

The appellees argue that the principle delineated by *Kneip* and *Lutz* does not apply in the present case, because an expert affidavit was clearly required under Georgia law for medical malpractice cases when Brown filed suit. They seem to contend that the "reasonable time to amend" rule applies only when at the time of filing § 9–11–9.1 did not clearly apply *to the profession involved,* rather than *in the court in question.* We disagree. *Kneip* held only that it "would be manifestly unfair to dismiss" the complaint given "the unclear state of the law at the time." 395 S.E.2d at 811. The appellees have not explained why a lack of clarity regarding § 9–11–9.1's application to diversity cases in federal court creates less unfairness than a lack of clarity regarding the provision's application to particular types of malpractice cases.

If § 9–11–9.1 does not apply in federal court, the district court should not have dismissed Brown's claims against Nichols and Kennestone Hospital with prejudice; her complaint clearly satisfied the requirements of Fed.R.Civ.P. 8. If § 9–11–9.1 does apply in federal court, the district court still should not have dismissed Brown's claims, but should have granted her leave to amend, because it was unclear when the action was filed that the requirement would apply. We therefore need not reach the question of whether § 9–11–9.1 actually applies in federal court. Either way, the district court erred.

### B. DISMISSAL OF BROWN'S CLAIMS AGAINST "JOHN AND JANE DOE" UNDER FED.R.CIV.P. 4(j)

■ Fed.R.Civ.P. 4(j) provides:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

The district court dismissed Brown's claims against John and Jane Doe pursuant to Rule 4(j) after Brown attempted to amend her complaint to substitute Webb and Saless for the unnamed pair. The court noted that Brown did not attempt to serve Webb and Saless until after the court had dismissed her claims against Nichols and Kennestone Hospital on February 7, 1991, seven months after the complaint was filed.

■ We review the district court's ruling under Rule 4(j) for abuse of discretion. *See McGinnis v. Shalala,* 2 F.3d 548 (5th Cir. 1993). Eleventh Circuit precedent makes clear that a district court must dismiss an action "once the court has found a violation of Rule 4(j) *and a lack of good cause." In re Cooper,* 971 F.2d 640, 641 (11th Cir.1992) (emphasis added); *see also Schnabel v. Wells,* 922 F.2d 726, 728–29 (11th Cir.1991). However, in dismissing the John and Jane Doe claims, the district court made no finding that Brown's failure to serve Webb and Saless lacked good cause. We therefore vacate the court's order and remand for a finding on the issue of good cause.

## III. CONCLUSION

The order of the district court dismissing the action against Nichols and Kennestone Hospital is REVERSED and the case is REMANDED with instructions that Brown is to be allowed to amend her complaint to include an expert affidavit as required by O.C.G.A. § 9–11–9.1(a). The order of the district court dismissing the action as to Webb and Saless is VACATED, and the case is REMANDED to permit the district court explicitly to determine whether good cause exists for Brown's failure to serve Webb and Saless within 120 days after the filing of the complaint, and thereafter to rule accordingly on their motions to dismiss under Rule 4(j).