[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-11627
Non-Argument Calendar

_____

D.C. Docket No. 02-00202-CV-WTM-4

THOMAS L. WEARING,
METASHAR WEARING-BANKHEAD,

Plaintiffs-Appellants,

versus

SAVANNAH STATE UNIVERSITY,
CARLTON E. BROWN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 31, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Thomas L. Wearing and Metashar Wearing-Bankhead, Connecticut residents proceeding <u>pro se</u>, appeal the district court's grant of a motion to dismiss in their 42 U.S.C. § 1983 action for insufficient service of process.[1] Although Appellants admit that they did not serve the Defendants, they request that we allow them to do so at this time.

We review for abuse of discretion a district court's ruling on dismissal for failure to timely serve a summons and complaint. <u>See</u> <u>Brown v. Nichols</u>, 8 F.3d 770, 775 (11th Cir. 1993) (analyzing former Fed.R.Civ.P. 4(j)). Pursuant to Fed.R.Civ.P. 4(c)(1), "the plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)." Rule 4(m) provides that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

---

[1]The district court alternatively dismissed Appellants' claims against all Defendants, except Lieutenant Wilcox, for failure to state a claim and immunity. On appeal, Appellants offer arguments against both those reasons, and further dispute the denial of a motion to amend their complaint. Upon review of the record and upon consideration of the parties' briefs, we find that the district court did not err in alternatively dismissing on these grounds, or in denying Appellants' motion to amend.

Actual notice of the lawsuit on the defendants' part does not cure defective service. Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991) (interpreting the 120-day period as it appeared in Fed.R.Civ.P. 4(j)).

We conclude that no showing of cause was made in this case. Indeed, Appellants were on notice as of January 2, 2003, when the Defendants filed their initial motion to dismiss, that sufficiency of process was at issue. Although the 120-day period provided by Rule 4(m) had expired and the Defendants raised the issue in their brief, Appellants still made no attempt to correct the defective service or even to inquire into the alleged deficiency. At the time of the district court's order dismissing the case, more than 18 months after Appellants filed their complaint, Appellants still had not corrected the defective service, or at least offered any proof that they actually did so. Consequently, dismissal without prejudice was appropriate under Rule 4(m).

Because Appellants did not perfect service of process on any of the Defendants within the 120-day period mandated by Rule 4(m), the district court did not err in granting the motion to dismiss as to all of Appellants' claims. Accordingly, we affirm.

**AFFIRMED.**