[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14907
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-62240-CV-JIC

CELESTINE G. THOMPSON,

Plaintiff-Appellant,

versus

UNITES STATES DEPARTMENT OF
HOMELAND SECURITY,
Michael Chertoff, Secretary,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 16, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Celestine G. Thompson, proceeding pro se, appeals the district court's grant of the United States Department of Homeland Security's ("DHS") motion to dismiss without prejudice her claim of racial discrimination, raised pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, et seq. On December 19, 2003, Thompson filed an action against her employer, DHS, alleging a claim of racial discrimination. On May 17, 2004, the district court, sua sponte, ordered Thompson to perfect service upon DHS within 30 days from the date of the order or show good cause as to why service had not been perfected within 120 days of the filing of the action, as required by Fed.R.Civ. P. Rule 4(m). On May 25, 2004, after Thomspon responded to its May 17th order, the district court ordered Thompson to perfect service upon DHS within 30 days from May 25, 2004, and that failure to comply with the order would result in the dismissal of the present action, without prejudice. Thompson perfected service on DHS via certified mail on June 30, 2004. The summons was dated June 25, 2004. Thompson also perfected service in person on July 2, 2004 and July 9, 2004. These summonses were also dated June 25, 2004.

Upon motion by DHS, the district court dismissed the complaint without prejudice based on Thompson's failure to serve DHS within the 120-day time limitation set forth in Rule 4(m) and Thompson's failure to satisfy the minimal

pleading requirements of Fed.R.Civ.P. 8(a)(2). Thompson filed a motion for reconsideration, arguing that the court's clerk's office was not sufficiently helpful to her. The district court denied the motion for reconsideration for the reasons set forth in its order granting dismissal.

On appeal, Thompson contends that she was not selected for promotion to a position that had been advertised as being open and then closed. Thompson contends that there is "pure racism" in her office and one individual in particular is harassing her and is "not friendly to work with." Thompson does not address the grounds on which the district court dismissed her complaint.

This Court reviews the district court's dismissal of a complaint for failure to timely serve the summons and complaint for abuse of discretion. Brown v. Nichols, 8 F.3d 770, 775 (11th Cir. 1993) (holding such in the context of former Fed.R.Civ.P. 4(j), which was replaced by current Rule 4(m)).

Rule 4(m) provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

3

A district court has no discretion to salvage an action in the event of a violation of Rule 4(m) and "good cause" has not been shown. In re Cooper, 971 F.2d 640, 641 (11th Cir. 1992). "[C]ourts have found 'good cause' under Rule 4[m] only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991).

Here, the district court did not abuse its discretion in dismissing Thompson's complaint without prejudice for failure to comply with Rule 4(m). Pursuant to the extension granted to Thompson by the court's May 25, 2004 order, Thompson had until June 24, 2004 to perfect service on DHS (a total of 188 days from the date Thompson filed the original complaint). The summonses to DHS were each dated June 25, 2004, and service was not perfected until June 30, 3004. Therefore, Thompson failed to comply with the time requirements set forth in Rule 4(m), as extended by the district court. See Fed.R.Civ.P. 4(m).

Further, Thompson failed to show good cause for the delay. Thompson advances as a reason for the delay only the insufficiency of guidance provided by the district court's clerk's office. The delay in service of process, then, is not the fault of some outside factor, such as reliance on faulty advice; rather, because Thompson had188 days to perfect service, the reason sounds more in negligence.

4

Therefore, the district court did not abuse its discretion in implicitly concluding that Thompson's proffered reason did not constitute good cause. See Prisco, 929 F.2d at 604. Because Thompson failed to comply with the time requirements set forth in Rule 4(m), as extended by the district court, in perfecting service of process on DHS and failed to show good cause for the delay, the district court did not abuse its discretion in dismissing Thompson's complaint without prejudice. Accordingly, we affirm the district court's grant of DHS's motion to dismiss without prejudice.

**AFFIRMED.**