[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 10, 2005
THOMAS K. KAHN
CLERK

No. 05-10757
Non-Argument Calendar

_____

D. C. Docket No. 04-00004-CV-4

CHARLES NELSON, JR.,

Plaintiff-Appellant,

versus

MATT BARDEN, DEA Task Force Agent,
KEVIN CHANEY, DEA Task Force Agent,
ADAM ALLEN, DEA Task Force Agent,
TFA REESE, DEA Task Force Agent,
GERALD SISCO, Special Agent,
DRUG ENFORCEMENT ADMINISTRATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 10, 2005)

Before TJOFLAT, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Charles Nelson, II, a federal prisoner, appeals pro se the district court's sua sponte dismissal without prejudice of his pro se civil complaint for failure to effect timely service of process, pursuant to Fed.R.Civ.P. 4(m).  Nelson filed this complaint pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 2004-05, 29 L.Ed.2d 619 (1971),[1] against the Drug Enforcement Administration ("the DEA"), which is an agency of the U.S. Justice Department, and five DEA agents in their individual capacities, alleging that the defendants used excessive force in arresting him on multiple drug offenses.  Nelson argues on appeal that the court committed reversible error in dismissing his complaint under Rule 4(m), without considering (1) whether "good cause" excused his failure to complete service on the defendants, or (2) in the absence of "good cause," whether an extension of time for service, nevertheless, was warranted.  For the reasons set forth more fully below, we affirm.

On January 30, 2004, after Nelson paid the filing fee in the instant action and, therefore, elected not to proceed in forma pauperis ("IFP"), the magistrate judge issued an order, instructing the plaintiff, amongst other things, either to

_____

[1] Although Nelson cited in his complaint to 42 U.S.C. § 1983, his pro se claims against federal defendants should, instead, be construed as filed pursuant to Bivens, see Bivens, 403 U.S. at 392-97, 91 S.Ct. at 2002-05 (making available a cause of action for monetary damages against federal officials in their individual capacities for a violation of a federal constitutional right).

2

personally serve each of the defendants with the complaint, or to seek formal waiver of personal service.

Before the expiration of the 120-day period permitted for completing this service, Nelson filed a motion for an extension of this time. In support, Nelson explained that he had not been able to comply with the court's instructions on serving his complaint because the court clerk had not given him either filed-stamped copies of the complaint and summons, or the forms necessary for him to seek waiver of formal service. Nelson also asserted that, when his family had inquired about the status of his complaint, the clerk's office had informed them that, as a prisoner, Nelson had to request service by the U.S. Marshall's Office.

On April 27, 2004, the magistrate granted Nelson's motion and extended his time to perfect service of process for an additional 120 days, that is, until August 27, 2004. In doing so, the magistrate noted that Nelson either had received no response to his requests for the documents discussed above, or had been misadvised by the clerk's office that he had to seek service through the U.S. Marshall's Office. Moreover, the magistrate instructed the clerk's office to immediately supply Nelson with all the paperwork necessary for him to complete service of process upon the defendants.

On August 30, 2004, after this second 120-day time period had expired, the

3

magistrate issued a report, recommending that the district court <u>sua sponte</u> dismiss Nelson's complaint without prejudice for failure to prosecute it. In making this recommendation, the magistrate explained that (1) Nelson should have completed service on the defendants by August 27, 2004; (2) the record did not contain proof of such service; and (3) this failure reflected Nelson's "lack of interest in proceeding with the prosecution of this action."

Nelson objected to this report, arguing that, after he received the magistrate's April 27, 2004, extension order, he had completed the paperwork necessary to obtain waiver of formal service, pursuant to Fed.R.Civ.P. 4(d). Nelson also stated that, because only one packet of forms relating to this waiver had been returned, and only the U.S. Justice Department had refused waiver, he had assumed that service on the remaining defendants had been accomplished, and that those defendants would answer the complaint. In the alternative, Nelson contended that (1) he had effected service on the U.S. Justice Department;[2] and (2) as a <u>pro se</u> prisoner, he had been unable to serve the individual defendants in a manner other than through the mail. Nelson, therefore, requested that the court not adopt the magistrate's report and, instead, grant him a 60-day extension to

---

[2] Contrary to Nelson's assertion that he properly served the U.S. Attorney's Office and the Attorney General of the United States, pursuant to Rule 4(i), the record contains no proof of such service.

4

complete service and an order directing the U.S. Marshall's Service to assist him.

On September 20, 2004, after conducting a de novo review of the record, including Nelson's objections to the magistrate's report, the court adopted this report and sua sponte dismissed Nelson's complaint without prejudice.[3]  On October 1, 2004, the defendants filed a joint motion for partial dismissal, along with a supporting memorandum.[4]  The defendants argued, in part, that Nelson had failed to perfect service on at least three of the individual defendants.[5]  Moreover, the defendants stated that, "[s]ince the United States instructs its employees to refuse attempts at waiving service and requires personal service on them[,] it was ultimately incumbent on the plaintiff to personally serve the individuals."  The court ultimately denied as moot the defendants' motion for partial dismissal because the pleading was filed after the court sua sponte dismissed the case.

On October 4, 2004, Nelson filed by placing in the prison mail system a

---

[3] After the court entered its order dismissing Nelson's case, Nelson filed an untitled pleading, requesting that the court aid him in serving his complaint on the defendants.  The magistrate denied this motion, explaining that, because the court had dismissed Nelson's complaint without prejudice, Nelson would have to pursue his claims and perfect service in a new civil action.  Similarly, the court denied Nelson's subsequently filed motion requesting service by the U.S. Marshall's Service, again explaining that the complaint had been dismissed.

[4] The defendants explain on appeal that, because they were not served in this action and, therefore, did not enter an appearance, they did not receive a copy of the court's dismissal order before they filed this motion for partial dismissal.

[5] The defendants asserted that they were not seeking dismissal for the other two individual defendants because (1) Nelson, in good faith, had attempted to effect personal service on them on September 8, 2004; and (2) he likely could remedy the defect in service.

5

"motion to alter or amend judgment," seeking to amend the court's sua sponte dismissal order, pursuant to Fed.R.Civ.P. 59(e). Nelson argued that the magistrate erroneously had recommended the dismissal of his complaint without giving him prior notice or an opportunity to show "good cause" why service has not been perfected. Nelson also contended that, in adopting this recommendation, the court had erred in failing to grant his requests for (1) an extension, and (2) assistance from the U.S. Marshall's Service. In addition, Nelson contended that "good cause" for his failure existed because (1) he was proceeding pro se; (2) the complaint involved multiple defendants; and (3) the defendants, at least constructively, had evaded service by failing to notify him before his complaint was dismissed that they could not, based on a general policy, waive formal service.

The defendants responded that Nelson's Rule 59(e) motion should be denied as untimely because it was filed outside of the ten-day deadline for filing such a motion. The defendants also summarily argued in a separate response that the Rule 59(e) motion should be denied because the magistrate had found that Nelson had failed to perfect timely service, and because the court's dismissal was without prejudice. In reply, Nelson (1) argued that, applying the computation rules contained in Fed.R.Civ.P. 6(a), he timely had filed his Rule 59(e) motion within ten business days of the court's entry of its order dismissing his complaint; and

(2) re-argued that the court had no authority to <u>sua sponte</u> dismiss his case because he had demonstrated "good cause" for not timely perfecting service.

On December 8, 2004, the court denied Nelson's Rule 59(e) motion. The court explained that, to the extent the defendants had not waived formal service, the law did not compel such waiver. The court also discussed that Nelson's request for assistance from the U.S. Marshall Service was untimely, and that, "[h]aving undertaken to travel on his own dime and avoid IFP-scrutiny of his claims,[] Nelson ha[d] remained—just like any other litigant—responsible for litigating his case and getting the defendants [timely] served." Finally, the court explained that, to the extent Nelson believed that he successfully had served some of the defendants, he, then, should have sought a default judgment or, otherwise, litigated his case. On February 6, 2005, Nelson filed an NOA, appealing both the court's dismissal order and its order denying his Rule 59(e) motion.

As a preliminary matter, Nelson asserts that his appeal is timely because his filing of his Rule 59(e) motion tolled the time he had for filing his NOA of the court's dismissal order, and that he timely filed his NOA within 60 days of the court's order denying his Rule 59(e) motion, pursuant to Fed.R.App.P. 4(a)(1)(B) and 4(a)(4)(A)(iv). Citing to these same procedural rules, the defendants respond that Nelson's Rule 59(e) motion did not toll the time he had to file an NOA

7

because, to be timely, his Rule 59(e) motion had to be filed by October 1, 2004.

Even if the defendants were not challenging jurisdiction, absent the filing of a timely NOA, we lack jurisdiction over an appeal. See Wooden v. Board of Regents of University System of Georgia., 247 F.3d 1262, 1272 (11th Cir. 2001). Thus, as a federal court of limited jurisdiction, we must determine sua sponte whether it has jurisdiction. See id. at 1271.

For an NOA to be timely in a civil case where the United States is a party, it must be filed "within 60 days after the judgment or order appealed from is entered." Fed.R.App.P. 4(a)(1)(B). Rule 4(a)(4) of the Federal Rules of Appellate Procedure, however, provides that the time for filing an NOA is tolled by the timely filing of a motion to alter or amend judgment under Fed.R.Civ.P. 59(e). Fed.R.App. 4(a)(4)(A)(iv); Bragg v. Bill Heard Chevrolet, Inc., 374 F.3d 1060, 1064 n.4 (11th Cir. 2004), cert. denied, 125 S.Ct. 963 (2005).[6] A Rule 59(e) motion must be filed within ten days of the district court's entry of the judgment. Fed.R.Civ.P. 59(e); Rice v. Ford Motor Co., 88 F.3d 914, 918 (11th Cir. 1996). In calculating this time period:

---

[6] "A post-judgment motion may be treated as made pursuant to either Fed.R.Civ.P. 59 or 60—regardless of how the motion is styled by the movant—depending on the type of relief sought." See Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997). We, however, treats a motion that is filed within ten business days of the entry of judgment and that asks for reconsideration of matters encompassed in the judgment—such as in the instant case—as a motion under Rule 59(e). See Finch v. City of Vernon, 845 F.2d 256, 258-59 (11th Cir. 1988).

> [T]he day of the act, event, or default from which the designated
> period of time begins to run shall not be included. The last day of the
> period so computed shall be included, unless it is a Saturday, a
> Sunday, or a legal holiday . . .. When the period of time prescribed or
> allowed is less than 11 days, intermediate Saturdays, Sundays, and
> legal holidays shall be excluded in the computation.

Fed.R.Civ.P. 6(a).

Here, Nelson filed by placing in the prison mail his Rule 59(e) motion on October 4, 2004. See Fed.R.App.P. 4(c)(1) (appeals by inmates confined in an institution); Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988) (holding that an NOA filed by a pro se prisoner is deemed filed on the date that the prisoner delivers it to prison authorities for mailing). Contrary to the defendants' jurisdictional argument, excluding the day the dismissal order was entered and the intermediate Saturdays and Sundays, this filing was within ten business days of the district court's September 20, 2004, dismissal order. See Fed.R.Civ.P. 6(a). Nelson's time for filing his NOA, therefore, was tolled until the district court denied his Rule 59(e) motion on December 8, 2004. See Bragg, 374 F.3d at 1064 n.4. Thus, Nelson timely filed an NOA on February 6, 2005; we have jurisdiction to review his appeal of both the court's dismissal his complaint and its denial of his Rule 59(e) motion. See Fed.R.App.P. 4(a)(1)(B).

As discussed above, Nelson argues on appeal that the district court erred in sua sponte dismissing his complaint without first considering whether "good

9

cause" excused his failure to complete service on the defendants. In support of this argument, Nelson asserts that, (1) during the first 120-day period, the court did not supply him with the paperwork necessary to complete service; (2) the court and the defendants affirmatively had misled him or attempted to evade service by (i) not consenting to improper service, and (ii) not stating, until after the complaint had been dismissed, that the U.S. Justice Department had a general policy prohibiting its employees from waiving formal service; (3) Nelson had attempted to serve the official government defendant; and (4) he was proceeding as a pro se prisoner. Nelson also contends that, even if "good cause" did not exist, the court should have granted him another extension of time to complete service because, although he has filed a subsequent civil action raising the same claims, it might be time barred.[7]

To the extent Nelson is challenging the court's denial of his Rule 59(e) motion, we review the denial of a Rule 59(e) motion only for abuse of discretion. Lambert v. Fulton County, Ga., 253 F.3d 588, 598 (11th Cir. 2001). Moreover, "[m]otions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." Sanderlin v.

---

[7] To the extent Nelson asserts in his reply brief that he has attached documents relating to a subsequently filed civil action, to show that the defendants are still attempting to evade service, his brief does not contain any attachments. Regardless, although we have the inherent discretionary authority to allow supplementation of the record on appeal, even to include evidence not reviewed by the district court, a party may not append material to an appellate brief without first filing a motion requesting supplementation. See Jones v. White, 992 F.2d 1548, 1566-67 (11th Cir. 1993).

Seminole Tribe of Florida, 243 F.3d 1282, 1292 (11th Cir. 2001). Regardless, Nelson failed to raise this challenge in his initial brief. Thus, we deem waived any challenges to the district court's denial of Nelson's Rule 59(e) motion. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (holding that issues not argued in initial brief are deemed waived).

Although we have not articulated in a published opinion a standard of review for sua sponte dismissals under Rule 4(m), we review a district court's grant of a motion to dismiss for insufficient service of process, pursuant to Fed.R.Civ.P. 12(b)(5), "by applying a de novo standard to the law and a clear error standard to any findings of fact." Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries, 353 F.3d 916, 920 (11th Cir. 2003), cert. denied, 125 S.Ct. 62 (2004).[8] We also generally review de novo a court's interpretation of Rule 4 de novo. Id. On the other hand, we review for abuse of discretion a court's dismissal without prejudice of a plaintiff's complaint for failure to timely serve a summons and complaint under the predecessor to Rule 4(m), former Fed.R.Civ.P. 4(j).[9] Brown v. Nichols, 8 F.3d 770, 775 (11th Cir. 1993). Moreover,

---

[8] Rule 12(b)(5) provides that "[e]very defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto . . . except that the following defenses may at the option of the pleader be made by motion: . . . (5) insufficiency of service of process . . . ." See Fed.R.Civ.P. 12(b)(5).

[9] The former Rule 4(j) provided:

11

we review for abuse of discretion a court's decision to grant an extension of time under Rule 4(m). <u>Horenkamp v. Van Winkle And Co., Inc.</u>, 402 F.3d 1129, 1132-33 (11th Cir. 2005).

A plaintiff is responsible for serving the defendant with both a summons and the complaint within the time permitted under Rule 4(m). Fed.R.Civ.P. 4(c)(1). To the extent Nelson named the DEA as a defendant, service only could be effected by (1) either (a) delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action was brought, or to his or her designee, or (b) sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States. <u>See</u> Fed.R.Civ.P. 4(i). On the other hand, service on the individual adult defendants sued in their personal capacities could be effected (1) pursuant to the law of the state in which the district court was located, or in which service was

---

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

<u>See</u> Fed.R.Civ.P. 4(j) (1992).

12

effected; or (2) by personal delivery of a copy of the summons and of the complaint. See Fed.R.Civ.P. 4(e).

As an alternative to formal service on the individual defendants, Nelson could notify the defendants by mail of the commencement of a civil action and request that they waive formal service of a summons. See Fed.R.Civ.P. 4(d)(2). If a defendant does not comply with a request for waiver, "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." Id. A defendant, however, is not required to waive formal service. See generally id. Indeed, the notes to the 1993 amendments to Fed.R.Civ.P. 4(d) clarify that, service, itself, may not be effectuated by mail without the affirmative cooperation by the defendant. See Advisory Committee Notes to the 1993 Amendments enacting Rule 4(d).

If a plaintiff fails to serve the defendant(s) properly with a summons and a complaint within 120 days of the plaintiff's filing of his complaint:

> the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). "Good cause" exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented

13

service." Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991) (discussing "good cause" under former Rule 4(j)), superseded in part by rule as stated in Horenkamp, 402 F.3d at 1132 n.2.

We recently have explained that, under the current Rule 4(m), even in the absence of "good cause," district courts have the discretion to extend the time for service of process. See Horenkamp, 402 F.3d at 1132-33. In reaching this determination, we explained that the Supreme Court, albeit as dicta, discussed in Henderson v. United States, 517 U.S. 654, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996), that, under the current Rule 4(m), "[c]omplaints are not to be dismissed if served within 120 days or within such additional time as the court may allow." See Horenkamp, 402 F.3d at 1132 (quoting Henderson, 517 U.S. at 663, 116 S.Ct. at 1644). Moreover, we relied on the Advisory Committee's Notes on Rule 4, in which the Committee noted that the 1993 amendment to the rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subsection even if there is no good cause shown," and identified as an example of when relief may be justified as "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." See Horenkamp, 402 F.3d at 1132 (citing Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments).

14

In the instant case, Nelson failed to show either that he properly served the defendants named in his Bivens complaint, pursuant to Rules 4(e) or 4(i), or that the defendants he was suing in their personal capacities waived service, pursuant to Rule 4(d), within the 120-day period contained in Rule 4(m). See Fed.R.Civ.P. 4(c) (placing responsibility of service on the plaintiff). The court also did not dismiss the action until after it gave Nelson the opportunity to object to the magistrate's recommendation to dismiss, and after it reviewed Nelson's objection. Moreover, although at least some of the defendants demonstrated that they were aware of Nelson's complaint by filing their partial motion to dismiss, a defendant's actual notice is not sufficient to cure defectively executed service. See Schnabel v. Wells, 922 F.2d 726, 728 (11th Cir. 1991) (interpreting the 120-day period as it appeared in former Rule 4(j)), superseded in part by rule as stated in Horenkamp, 402 F.3d at 1132 n.2.

To the extent Nelson is arguing that the district court erred in not explicitly stating whether he had established "good cause" for the delay, in Brown, we vacated and remanded a district court's order dismissing an action under the former Rule 4(j), when the plaintiff failed to serve the defendants until seven months after she filed her complaint, and after the court had dismissed her claims, because the district court had not determined whether the plaintiff's failure was supported by

15

"good cause." See Brown, 8 F.3d at 774-75. In the instant case, however, Nelson failed to explain in his objections to the magistrate's report recommending dismissal why "good cause" excused his failure.

Moreover, in the absence of evidence to the contrary, we presume that the district court, in dismissing Nelson's complaint under Rule 4(m), determined that Nelson's failure to serve the defendants by August 27, 2004, was not excused by "good cause." See Burrell v. Board of Trustees of Georgia Military College, 125 F.3d 1390, 1395 (11th Cir. 1997) (explaining that "[t]rial judges are presumed to know the law and to apply it in making their decisions"). Indeed, in April 2004, after concluding that Nelson's failure to complete service within 120 days of his filing his complaint on January 8, 2004, was attributable to misadvice from the magistrate in initially instructing him on service on corporations, instead of on the government, and to the failure of the clerk of the court to supply Nelson with file-stamped copies of the complaint, the magistrate granted Nelson an additional 120 days to complete service.

On the other hand, the defendants' unwillingness to accept improper service, or to waive service where applicable, were not "outside factor[s], such as reliance on faulty advice," that constituted "good cause." See Prisco, 929 F.2d at 604. As discussed above, if a defendant does not comply with a request for waiver, a

16

defendant is not required to waive formal service.  See Fed.R.Civ.P. 4(d).

Furthermore, although the district court had discretion to grant Nelson a second

extension of time to complete service, even in the absence of "good cause," Nelson

failed to cite to evidence to support his argument that any future actions he filed

based on these same claims would be time barred, or that the defendants, in

refusing to accept improper service, were evading service.  See Fed.R.Civ.P. 4(m);

Horenkamp, 402 F.3d at 1132.[10]  Thus, the district court did not abuse its discretion

in failing to sua sponte grant Nelson an extension of time to complete service.

Accordingly, we conclude that the district court did not commit reversible

error in sua sponte dismissing Nelson's civil complaint for failure to effect timely

service of process, pursuant to Rule 4(m).  We, therefore, affirm.

**AFFIRMED.**

---

[10]  To the extent Nelson also has argued that the court erred in dismissing his action because he was proceeding without counsel, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, both the Supreme Court and this Court have concluded that a defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules.  See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993) (explaining that the Court "never [had] suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law"); see also Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that liberal construction of the pleading requirements for pro se litigants does not equate with liberal deadlines).

17