[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13921
Non-Argument Calendar

_____

D. C. Docket No. 04-03327-CV-JEC-1

CARRIE E. ANDERSON,

Plaintiff-Appellant,

versus

OSH KOSH B'GOSH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 12, 2006)**

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Carrie E. Anderson appeals pro se the district court's sua sponte dismissal without prejudice, pursuant to Fed.R.Civ.P. 4(m), of her civil complaint against her former employer, Osh Kosh B'Gosh ("Osh Kosh"), alleging employment discrimination, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a), and retaliation, pursuant to 42 U.S.C. § 2000e-3. Anderson argues on appeal that this dismissal was an abuse of discretion. For the reasons set forth more fully below, we affirm.

On November 15, 2004, Anderson filed a pro se civil action against Osh Kosh, alleging that it had (1) discriminated against her because of her race, sex, and age; and (2) retaliated against her for filing a complaint against her manager. On December 3, 2004, the magistrate judge issued a "Notice to Pro Se Plaintiffs," advising Anderson that she had to comply with the Federal Rules of Civil Procedure, including serving a summons and a copy of the complaint upon Osh Kosh within 120 days of filing the complaint. On March 31, 2005, two weeks after Anderson's 120-day period for completing service had expired, the district court directed her to show cause, by April 11, 2005, why it should not dismiss the action for failure to effect service, pursuant to Rule 4(m).

On April 20, 2005, after Anderson failed to respond to this order, the magistrate issued a report, recommending that the court sua sponte dismiss

2

Anderson's action for failure to effect timely service. The magistrate also attached to this report an order instructing Anderson that she had until May 2, 2005, to object to the report. Osh Kosh also filed a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(4) and (5), arguing that Anderson had failed to effect proper service on it and, instead, had served Osh Kosh with a different complaint that she had not filed with the court, in which she was asserting different claims of discrimination.[1]

Anderson neither filed objections to the magistrate's report, nor responded to Osh Kosh's motion to dismiss. Instead, on April 26, 2005, she filed a letter with the court, in which she only addressed the merits of her complaint. On May 25 and 26, 2005, the court adopted the magistrate's report and dismissed Anderson's action without prejudice, pursuant to Rule 4(m). In doing so, the court explained that, although Anderson had filed a pleading reiterating facts contained in her original complaint, she had failed to serve Osh Kosh with the complaint.

Within ten business days of the court's entry of its dismissal order, Anderson filed a motion for reconsideration, arguing that she had documents showing that (1) she sent certified letters to Osh Kosh, and (2) someone had accepted them. Anderson also attached to this motion documents that she claimed

---

[1] Osh Kosh subsequently filed an amended motion to dismiss, clarifying that Anderson filed her original complaint in November 2004, instead of November 2005.

showed that she served Osh Kosh with a complaint, which contained different claims and was dated April 4, 2005. Osh Kosh responded that Anderson had failed either to effect timely service, or to show cause for this failure. The district court summarily denied Anderson's reconsideration motion.

Anderson argues that the district court erred in sua sponte dismissing her complaint without prejudice because she alleged multiple claims of employment discrimination. Anderson, however, has not addressed on appeal whether she effected timely service of her complaint on Osh Kosh.

As a preliminary matter, to the extent Anderson filed a motion for reconsideration, "[a] post-judgment motion may be treated as made pursuant to either Fed.R.Civ.P. 59 or 60—regardless of how the motion is styled by the movant—depending on the type of relief sought." See Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997). Because Anderson has failed to challenge this order on appeal, however, we deem waived any challenges to the denial of this reconsideration motion. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (holding that issues not argued in initial brief are deemed waived).

Although we have not articulated in a published opinion a standard of review for sua sponte dismissals under Rule 4(m), we review a district court's

4

grant of a motion to dismiss for insufficient service of process, pursuant to Fed.R.Civ.P. 12(b)(5), "by applying a de novo standard to the law and a clear error standard to any findings of fact." Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries, 353 F.3d 916, 920 (11th Cir. 2003).[2] We also generally review de novo a court's interpretation of Rule 4 de novo. Id. On the other hand, we reviewed for abuse of discretion a district court's dismissal without prejudice of a plaintiff's complaint for failure to timely serve a summons and complaint under the predecessor to Rule 4(m), former Fed.R.Civ.P. 4(j).[3] Brown v. Nichols, 8 F.3d 770, 775 (11th Cir. 1993). Similarly, we review for abuse of discretion a district court's decision whether to grant an extension of time to complete service of process under Rule 4(m). Horenkamp v. Van Winkle And Co., Inc., 402 F.3d 1129, 1132-33 (11th Cir. 2005).

---

[2] Rule 12(b)(5) provides that "[e]very defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto . . . except that the following defenses may at the option of the pleader be made by motion: . . . (5) insufficiency of service of process . . .." See Fed.R.Civ.P. 12(b)(5).

[3] The former Rule 4(j) provided:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

See Fed.R.Civ.P. 4(j) (1992).

5

A plaintiff is responsible for serving the defendant with both a summons and the complaint within the time permitted under Rule 4(m). Fed.R.Civ.P. 4(c)(1). Under Fed.R.Civ.P. 4(h)(1), a corporation may be served with process by delivering a copy of the summons and complaint to an officer, managing or general agent, or the agent authorized to receive service of process. Fed.R.Civ.P. 4(h)(1). If a plaintiff fails to serve the defendant properly with a summons and a complaint within 120 days of the plaintiff's filing of his complaint:

> the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). "Good cause" exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991) (discussing "good cause" under former Rule 4(j)), superseded in part by rule as stated in Horenkamp, 402 F.3d at 1132 n.2.

We have determined that, under the current Rule 4(m), even in the absence of "good cause," district courts have the discretion to extend the time for service of process. See Horenkamp, 402 F.3d at 1132-33. In reaching this determination, we explained that the Supreme Court, albeit as dicta, discussed in Henderson v. United

6

<u>States</u>, 517 U.S. 654, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996), that, under the current Rule 4(m), "[c]omplaints are not to be dismissed if served within 120 days or within such additional time as the court may allow." <u>See Horenkamp</u>, 402 F.3d at 1132 (quoting <u>Henderson</u>, 517 U.S. at 663, 116 S.Ct. at 1644). Moreover, we relied on the Advisory Committee's Notes on Rule 4, in which the Committee noted that the 1993 amendment to the rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subsection even if there is no good cause shown," and identified as an example of when relief may be justified as "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." <u>See Horenkamp</u>, 402 F.3d at 1132 (citing Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments).

Anderson failed to show that she properly served Osh Kosh, pursuant to Rule 4(h)(1), within the 120-day period contained in Rule 4(m). The district court also did not dismiss the action until after it gave Anderson the opportunity to object to the magistrate's recommending dismissal. Moreover, although Osh Kosh demonstrated that it was aware of Anderson's complaint by filing its motion to dismiss, a defendant's actual notice is not sufficient to cure defectively executed service. <u>See Schnabel v. Wells</u>, 922 F.2d 726, 728 (11th Cir. 1991) (interpreting

7

the 120-day period as it appeared in former Rule 4(j)), superseded in part by rule as stated in Horenkamp, 402 F.3d at 1132 n.2.

To the extent the court did not state whether Anderson had established "good cause" for the delay, in Brown, we vacated an order dismissing an action under the former Rule 4(j), when the plaintiff failed to serve the defendants until seven months after she had filed her complaint, because the district court had not determined whether the plaintiff's failure was supported by "good cause." See Brown, 8 F.3d at 774-75. Anderson, however, neither requested an extension of time to complete service, nor explained why "good cause" excused her failure.[4] Indeed, in the absence of evidence to the contrary, we presume that the district court, in dismissing Anderson's complaint under Rule 4(m), determined that her failure to timely serve Osh Kosh was not excused by "good cause." See Burrell v. Board of Trustees of Georgia Military College, 125 F.3d 1390, 1395 (11th Cir.

---

[4] To the extent Anderson was proceeding without counsel, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules. See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993) (explaining that we "never [had] suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel"); see also Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that liberal construction of the pleading requirements for pro se litigants does not equate with liberal deadlines).

1997) (explaining that "[t]rial judges are presumed to know the law and to apply it in making their decisions").

Accordingly, we conclude that the district court did not commit reversible error in <u>sua sponte</u> dismissing Anderson's complaint for failure to effect timely service of process, pursuant to Rule 4(m).  We, therefore, affirm.

**AFFIRMED.**