[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13919
Non-Argument Calendar

_____

D. C. Docket No. 05-00158-CV-CAP-1

CATHLEEN GARY,

Plaintiff-Appellant,

versus

DEKALB COUNTY GOVERNMENT,
VERNON JONES, CEO,
DEKALB COUNTY SHERIFF,
THOMAS BROWN,
DEKALB POLICE DEPARTMENT, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 18, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Cathleen Gary filed her <u>pro se</u> complaint on November 23, 2004, alleging that various government entities and employees violated her civil rights. <u>See</u> 42 U.S.C. § 1983. The district court, sua sponte, dismissed Gary's claim for failure to serve the defendants with a copy of the summons and complaint within 120 days of filing her complaint. <u>See</u> Fed. R. Civ. P. 4(m). Gary now appeals that dismissal, and we review for abuse of discretion. <u>Brown v. Nichols</u>, 8 F.3d 770, 775 (11th Cir. 1993).

Gary argues that the district court did not provide her with notice before it dismissed her complaint and that she could show good cause for the delay because her delay was based on improper advice from the district court. Rule 4(m) states, "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative <u>after notice to the plaintiff</u>, shall dismiss the action without prejudice . . ." (emphasis added). Because there is no evidence in the record that Gary was given notice and an opportunity to "show[] good cause for the failure" to serve the defendants, Fed. R. Civ. P. 4(m), the district court abused its discretion when it dismissed Gary's claim. We vacate the ruling of the district court and remand for further proceedings in accordance with Rule 4(m).

**VACATED and REMANDED.**