[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11303
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-03270-ODE


DARLENE HONG-DIEP VU,
PRIMED MANAGEMENT, LLC,
4MD MANAGEMENT, LLC,

Plaintiffs-Counter
Defendants-Appellants,

versus

KEVIN PHONG HO,

Defendant-Appellee

PHUONG LE,

Defendants-Counter
Claimant-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 26, 2018)

Before WILSON, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Plaintiffs Darlene Vu, Primed Management, LLC, and 4MD Management LLC appeal the district court's denial of their motion to expand the time to serve defendant Phuong Le and the dismissal of their claims against Ms. Le for improper service of process. The district court denied the plaintiffs' motion to enlarge the time for service and dismissed their claims against Ms. Le because the plaintiffs did not properly serve Ms. Le and "show[ed] no good cause for [their] failure to do so." D.E. 52 at 4. *See also* D.E. 52 at 14 ("Finding no good cause, the Court DENIES Plaintiffs' Motion to Expand Time to Serve.").[1] Although the district court dismissed the plaintiffs' claims without prejudice, the order likely acts as a dismissal on the merits because the applicable statute of limitations bars the plaintiffs from later reasserting at least some of their claims. *See Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. 1981).

We review the district court's denial of the plaintiffs' motion to expand the time to effect service for abuse of discretion. *See Horenkamp v. Van Winkle & Co.*,

---

[1] The plaintiffs moved the district court to reconsider its denial and dismissal, but filed their notice of appeal before the district court ruled on that motion. Although the district court denied the motion for reconsideration and partially expanded on its reasons for denying the plaintiffs' motion to expand the time to effect service, we do not have jurisdiction to review that order. The district court's order denying reconsideration was issued after the plaintiffs filed this appeal, and the plaintiffs did not file a new notice of appeal or amend the existing notice of appeal. *See Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1271 (11th Cir. 2013) (quoting Fed. R. App. P. 4(a)(4)(B)(ii)).

402 F.3d 1129, 1133 (11th Cir. 2005).  We likewise review the dismissal of the plaintiffs' claims based on insufficient service of process for abuse of discretion. *See Brown v. Nichols*, 8 F.3d 770, 775 (11th Cir. 1993).

Under Fed. R. Civ. P. 4(c)(l), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."  Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Under Rule 4(m), a plaintiff has two avenues to expand the time for service: a mandatory extension based on "good cause," and a discretionary extension based on the factors outlined in Rule 4(m)'s advisory committee notes.  *See Horenkamp*, 402 F.3d at 1132–33.  In ruling on a motion to extend time, a district court must consider whether the movant has shown good cause *as well as* whether the facts of the case otherwise justify a discretionary extension.  *See Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281–82 (11th Cir. 2007).  *See also Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).

Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  *Lepone-*

3

*Dempsey*, 476 F.3d at 1281.  Even where the plaintiff does not show good cause, the facts of the case may justify an extension, "for example, *if the applicable statute of limitations would bar the refiled action*, or if the defendant is evading service or conceals a defect in attempted service."  *Id*. at 1282 (emphasis added).  *See also Horenkamp,* 402 F.3d at 1133 (citing Fed. R. Civ. P. 4(m), advisory committee notes, 1993 Amendments).  "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time."  *Lepone-Dempsey*, 476 F.3d at 1282.

In *Lepone-Dempsey*, we held that the district court's dismissal of the plaintiffs' claims without prejudice "was premature, as it did not clearly consider, after finding that the plaintiffs failed to demonstrate good cause, whether a permissive extension of time was warranted under the facts of this case."  *Id.* at 1282.  We specifically noted that the district court's order did not consider that its dismissal without prejudice would have the effect of a dismissal with prejudice because the pertinent statute of limitations had run.  *Id.* at 1280, 1282.  "Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend time for service of process under Rule 4(m), it was incumbent upon the district court *to at least consider this factor*."  *Id.* (emphasis added).

4

Here, the district court found that the plaintiffs did not demonstrate good cause for their failure to serve Ms. Le. *See* D.E. 52 at 4, 14. It reasoned that the plaintiffs were on notice that Ms. Le was never properly served—by Ms. Le's response to the plaintiffs' motion for default judgment and the district court's order denying that motion—and the plaintiffs did nothing to cure that defect for more than ten months. On this record, the district court did not abuse its discretion in finding no good cause to expand the time for service. The plaintiffs' failure to serve Ms. Le was not due to "some outside factor, such as reliance on faulty advice," and the plaintiffs point to no binding authority to establish good cause. *See Lepone-Dempsey*, 476 F.3d at 1281.

The district court did abuse its discretion, however, by denying the plaintiffs' motion to expand without considering other factors that may have justified exercising its discretionary authority to allow the plaintiffs more time to serve Ms. Le. *See id.* The district court's order equates the plaintiffs' failure to show good cause as sufficient reason to deny the motion to expand the time for service. We therefore cannot determine whether the district court considered whether other circumstances justified expanding the time for service (e.g., the fact that a dismissal without prejudice would act as a dismissal on the merits because the applicable statute of limitations had run on some claims). *See id.* at 1282; *Horenkamp,* 402 F.3d at 1133. Without more from the district court, we cannot determine whether

5

the dismissal in this case was proper. *See Danley v. Allen*, 480 F.3d 1090, 1091 (11th Cir. 2007) (A district court's orders must "contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review.").

For these reasons, we reverse the district court's denial of the plaintiffs' motion to expand the time for service and the dismissal of the claims against Mr. Le and remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART AND REVERSED IN PART.**